Jack COHEN, Plaintiff,

v.

Joseph F. J. MAYER, District Director of Internal Revenue, Newark, New Jersey, et al., Defendants.

Civ. No. 260-61.

United States District Court
D. New Jersey.

Nov. 14, 1961.

Herbert L. Zuckerman, Newark, N. J., for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Raymond W. Young, Asst. U. S. Atty., North Bergen, N. J., and James F. Shepherd, Tax Division, Dept. of Justice, for defendants.

MEANEY, District Judge.

This matter comes before the court on the Government's motion to dismiss the plaintiff's complaint.

The plaintiff in the instant suit asks that an injunction be issued against the District Directors of Internal Revenue, Newark and Camden, New Jersey, and the United States of America, precluding them from enforcing and attempting to collect an assessment of deficiencies in respect to income taxes due from the

plaintiff for the years 1954, 1955 and 1956, and releasing any and all liens against the plaintiff and his property for for the enforcement of the assessment.

The taxpayer contends that the assessment was void because it was made without compliance with steps previously to be taken by the Director of Internal Revenue, in that he failed to send the taxpayer a statutory 90-day notice of deficiency as required by section 6213(a) of the Internal Revenue Code, 26 U.S.C.A. § 6213(a).

Admittedly such notice was not sent.

On May 27, 1958, the plaintiff filed a voluntary petition in bankruptcy in the United States District Court for the District of New Jersey and was adjudicated bankrupt on May 27, 1958. Section 6871(a) of the Internal Revenue Code, 26 U.S.C.A. § 6871(a), eliminates the requirement of the 90-day notice and permits the United States to make an assessment immediately without notice.

On December 2, 1960, the assessment was made.

The language of the pertinent statute regarding assessment in the event of an institution of proceedings in bankruptcy (section 6871(a) of the Internal Revenue Code) is phrased in seemingly mandatory terms—assessments in such event "shall * * * be immediately assessed if such deficiency has not theretofore been assessed in accordance with law."

Among other things, the Director claims that the taxpayer had an opportunity to litigate the Government's claim in the bankruptcy proceedings, the Director having filed within time a proof of claim. But the nub of the situation is whether the fact that the assessment was not made until December 2, 1960, renders it null and void, since the statute says that the tax shall be immediately assessed when bankruptcy occurs.

■ Reference to congressional reports in this section of the act is of no assistance so far as congressional intent is concerned. Recourse must therefore be had to normal bases of interpretation and examination of the purpose of the aforementioned provision. Semantically, "shall" normally connotes a mandatory procedure, but the inquiry may not rest there. Consideration must be given to the purpose of the law.

■■ In the instant case it is pertinent to inquire as to whether the provision of immediacy is for the protection of the taxpayer or for the purposes of the general enforcement of the Internal Revenue Act. The question may be asked what right of the taxpayer was violated, and what damage resulted to him by delay on the part of the Internal Revenue Service in making the assessment, other than to relieve him of a possible obligation which he may have owed the Government. The purpose of an assessment is to place the taxes owed on the books of the Government. It does not create the tax liability, but it does act as a judgment for taxes found due. Bull v. United States, 295 U.S. 247, 259, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). That this is a drastic procedure is admitted, but it has statutory sanction.

■ The 90-day notice under normal circumstances gives the taxpayer an opportunity to set up such defenses as he may have. But he forfeits the right to such notice by the filing of a petition in bankruptcy, as in this case.

The question now to be solved is to what extent, if any, the taxpayer, who has lost the right to a 90-day notice, may take advantage of a provision of the act manifestly for the benefit of the taxing power. The delay, such as there was, deprived the taxpayer of no protection of the law intended for his benefit.

The Internal Revenue Service alleged that the reason for the delay was because it was contemplating criminal prosecution. The reason, however, does not seem to be material.

■ Since, therefore, the provisions of section 6871(a) of the Internal Revenue Code cannot reasonably be construed as a measure of protection for the taxpayer and no actual right of his was lost, he may not use the wording of the act

to the detriment of the Government, for whose benefit the assessment was made, for what appears to this court to be his own unjust enrichment.

The motion of the Government to dismiss the complaint of the plaintiff will therefore be granted.

This opinion may serve as a statement of facts and conclusions of law.

Let an order be submitted.