**In the Matter of Michael SERIGNESE, Bankrupt.**

**No. H 2399.**

United States District Court
D. Connecticut.

March 5, 1963.

918

Irving H. Perlmutter, Asst. U. S. Atty., Hartford, Conn., Maurice Adelman, Jr., Atty., Dept. of Justice, Washington, D. C., for petitioner.

Vincent Giedraitis, Hartford, Conn., for trustee.

CLARIE, District Judge.

The United States of America has petitioned the Court for a review of an order entered by the Referee in Bankruptcy. The order complained of disallowed the claim of the United States for a penalty assessed against the bankrupt. The referee disallowed the Government's claim concluding that the bankrupt's liability was (1) a penalty excludable under § 57, sub. j of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. j, and, (2) was not a provable debt existing at the date of adjudication, January 25, 1961, since the penalty was not assessed until July 28, 1961. The petition for review was brought under § 39, sub. c of the Bankruptcy Act, 11 U.S. C.A. § 67, sub. c.

Advance Caterers, Inc., a Connecticut corporation, filed a petition for arrangement under Chapter XI of the Bankruptcy Act on August 31, 1960. Michael Serignese, the bankrupt here, was an officer, stockholder, and manager of the corporation, and under the plan of arrangement, as debtor in possession, the business continued to operate under his supervision. During this period, withholding and social security taxes accrued against Advance Caterers, Inc., for the last two quarters of 1960 and the first

quarter of 1961. These taxes were never paid.

At the oral argument before this Court, the Government's attorney stated it was only claiming the taxes for the third and fourth quarters of 1960. The Government did not claim and therefore this Court will not consider the amount of taxes not paid by Advance Caterers, Inc., for the first 25 days of 1961 as being a part of this case. Only the claims regarding the last two quarters of 1960 are in issue.

Michael Serignese, individually, was adjudicated a bankrupt on January 25, 1961. The Director of Internal Revenue, acting under 26 U.S.C.A. § 6672, assessed a penalty against him on July 28, 1961. This penalty equaled the taxes which Advance Caterers, Inc. had failed to pay for the last two quarters of 1960 during the period in which he supervised its activities. The assessment also included the amount of the unpaid taxes for the first quarter of 1961. But as noted above, the Government has abandoned this part of its claim. Hereafter, only the part of the claim for the third and fourth quarters of 1960 will be mentioned although the Government originally claimed the amount for the first quarter of 1961 too. Also on July 28, 1961, notice and demand was made. However, the Director of Internal Revenue did not file a proof of claim until August 3, 1961. This filing was timely since the Government is given six months from the date of the first meeting of creditors to file its proof of claim. Bankr.Act, § 57, sub. n, 11 U.S.C.A. § 93, sub. n. Under § 55, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 91, sub. e, the first meeting of creditors cannot be held until at least ten days after the date of adjudication. Therefore, the filing of the proof of claim on August 3, 1961 was within the allowable statutory period.

The Government's claim is based upon § 6672 of the Internal Revenue Code of 1954 which reads in part:

"Any person required to collect, truthfully account for, and pay over

any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. * * ".

The bankrupt, as the responsible officer of Advance Caterers, Inc., is within the definition of "person" as used in § 6672. See 26 U.S.C.A. § 6671(b).

The amount of the penalty assessed against the bankrupt under § 6672 is "equal to the total amount of the tax * * * not collected, or not accounted for and paid over" by Advance Caterers, Inc. The taxes not paid by Advance Caterers, Inc. for the two quarters in question constitute a pecuniary loss to the Government, because the statutory amounts required to be withheld are credited to and must be allowed as credits to the respective taxpayer-employees. 26 U.S.C.A. § 31.

Section 57, sub. j of the Bankruptcy Act provides:

"Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law."

In this instance, the non-payment of the withholding taxes by Advance Caterers, Inc. comprises the Government's actual pecuniary loss; and notwithstanding the fact that the claim were to be construed as a penalty, it is a collectible debt allowable under § 57, sub. j.

"The determination of whether the statute is imposing a penalty or provides for the collection of a pecuniary loss is not without its difficulties. The statute uses the word 'penalty' and if accepted liberally, the contention of the trustee would prevail. In determining whether a claim is barred by the Bankruptcy Act because of its penal nature we think it is the duty of the court, where there is an ambiguity, to go back of the statute and determine the effect of the obligation imposed. United States v. Childs, 266 U.S. 304, 305, 45 S.Ct. 110, 69 L.Ed. 299; 50 Am. Jur. 290.

"The purpose of this statute is not to punish but to secure the collection of a fund that has passed into the hands of the employer, which is in the nature of a trust fund, the employer acting as a collecting agency for the United States. This statute would have been just as effective without the use of the word penalty and for this reason it should be construed as making the managing officer of the corporation personally liable if he willfully fails to remit the funds that comes into his hands as such officer. We do not think the statute imposes a penalty not collectible against the bankrupt's estate." In re Haynes, 88 F.Supp. 379, 384 (D.Kan.1949).

It was reasoned by the Referee in Bankruptcy that recent decisions of the Supreme Court of the United States and the District of Connecticut intimate that Haynes was erroneous. Simonson v. Granquist, 369 U.S. 38, 82 S.Ct. 537, 7 L.Ed.2d 557 (1962) and In the Matter of Tom's Villa Rosa, Inc., 198 F.Supp. 137 (D.C.1961) are said to be authority for the proposition that penalties are not in concert with the purpose of the Bankruptcy Act and are not allowed. However, in Simonson, the penalties involved were penalties "on unpaid federal taxes" (9 Cir., 287 F.2d 489), i. e. amounts over and above the unpaid tax. In that case the penalty was more than the loss sustained by the non-payment. Such a penalty punishes for delinquency. The penalty tax in the present matter is

merely to recoup the losses due to non-payment.

Similarly, in Tom's Villa Rosa, the controversy centered on a penalty over and above the amount of the unpaid taxes. The instant case is readily distinguishable. The penalty here does not exact an amount over that lost by the Government in unpaid taxes. It does not unjustly punish other creditors. Therefore, the Court finds that the Government's claim is allowable under § 57, sub. j.

■ The Referee as a second ground for disallowance of the Government's claim held that there was no provable debt due the United States on January 25, 1961, the date of adjudication, because the debt arose out of a penalty which did not exist until it was first assessed. Since the Director of Internal Revenue made no assessment until July 28, 1961, he concluded that it could not have been a provable debt on January 25, 1961. He ruled that the claim was not provable under § 63, sub. a(1), (T. 11 U.S.C.A. § 103, sub. a(1)). That section provides:

> "Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition by or against him, whether then payable or not, with any interest thereon which would have been recoverable at that date or with a rebate of interest upon such as were not then payable and did not bear interest."

However, § 63, sub. a(8) (T. 11 U.S.C.A. § 103, sub. a(8)) includes "contingent debts and contingent contractual liabilities" among the claims which are provable in bankruptcy. A "contingent claim" has been defined as follows:

> "A contingent claim is one as to which it remains uncertain, at the time of the filing of the petition in bankruptcy, whether or not the bankrupt will ever become liable to pay it.

If it is certain that he is liable to pay it, although it may be uncertain how much he will have to pay, the claim is unliquidated, but it is not contingent." In re Munsie, 32 F.2d 304 (D.Conn.), rev'd 33 F.2d 79 (2 Cir., 1929).

Upon default in payment by Advance Caterers, Inc., Serignese became personally liable. Thus, his was a contingent liability. The bankrupt's liability, although not absolute, existed as of the date of adjudication. This liability was subject to a contingency, i. e. the payment or non-payment of the taxes by Advance Caterers, Inc. Non-payment by the corporation fixed liability on the bankrupt. Similarly, payment would have extinguished his liability. The bankrupt's liability under § 6672 of the Internal Revenue Code for the taxes of Advance Caterers, Inc., is a "contingent debt" within the provisions of § 63, sub. a(8) of the Bankruptcy Act. The amount of the Government's claim was ascertainable at all times and the provisions of § 57, sub. d of the Bankruptcy Act are applicable since the debt is capable of liquidation without undue delay.

Assessment is not a prerequisite to tax liability. Cohen v. Mayer, 199 F. Supp. 331 (D.N.J.1961). This is true also with respect to penalties under § 6672. "The penalties and liabilities provided by this subchapter shall be paid upon notice and demand * * * and shall be assessed and collected in the same manner as taxes." (T. 26 U.S.C.A. § 6671(a)). The applicable language of § 6672, stripped of its unessentials, reads, "Any person * * * who willfully fails to * * * pay over such a tax * * * shall * * * be liable to a penalty * * *," without mention of any need for an assessment before liability. Thus, the individual bankrupt was inchoately liable for the taxes due from Advance Caterers, Inc. which remained unpaid because of his willful evasion of payment.

> " * * *, since the officer is directed by the statute to deduct the withholding tax from the employee's

wages on a percentage basis, the payment of wages to employees charges him with having in his hands the withholding tax." See In re Haynes, supra, 385.

"In our view there need not be present an intent to defraud or deprive the United States of the taxes collected or withheld for its account, nor need bad motives be present in order to invoke the sanctions of Section 2707(a). The decision of appellant as the responsible officer of the corporation not to have the corporation pay over to the government the withheld taxes was a voluntary, conscious, and intentional act to prefer other creditors of the corporation over the United States. In our view such conduct was willful within the meaning of Section 2707(a)." (T. 26 U.S.C.A. § 6672). Bloom v. United States, 272 F.2d 215, 223.

The tax claims of the Government, as are more specifically set forth in its proof of claim, include withholding taxes from wages of employees collectible pursuant to T. 26 U.S.C.A. § 3402; Federal Insurance Contribution (social security) Taxes also collectible from employees' wages pursuant to T. 26 U.S.C.A. § 3101; and those Federal Insurance Contribution Taxes, which are a direct tax paid by the employer as its share, on the employees' wages pursuant to T. 26 U.S.C.A. § 3111. The 1954 amended penalty statute, T. 26 U.S.C.A. § 6672, does not apply to the direct tax contribution to be paid by the employer, but only to those taxes which the employer is obligated to collect and withhold. Schwartz, "Personal Liability of Corporate Officers for Unpaid, Withheld and Collected Taxes", 12 Tax Law Rev. 343, 350 (1957). See Senate Report, U.S.Code Congressional and Adm. News, Vol. 3, Page 5245, 83rd Cong. 2nd Session 1954.

To separate and determine the amount of the Federal Insurance Contribution Tax, which is subject to the provisions of T. 26 U.S.C.A. § 6672 and to carry out the objectives of this decision, the matter is remanded to the Referee in Bankruptcy with direction to allow the claim of the United States, insofar as it relates to the unpaid taxes due from Advance Caterers, Inc. under T. 26 U.S.C.A. §§ 3402, 3101, for the third and fourth quarters of 1960, together with legal interest on the third quarter taxes from the due date to the date of adjudication of bankruptcy.