In the Matter of Irving Henry SAXE, Individually and doing business as Saxe Medical Group and Wickersham Women's Medical Center, etc., Bankrupt.

Bankruptcy No. 73 B 218.

United States Bankruptcy Court, S. D. New York.

Sept. 21, 1981.

Jules Teitelbaum, New York City, for trustee; Wanda Borges Kiratzopoulos, New York City, of counsel.

John S. Martin, Jr., U. S. Atty., S.D.N.Y., New York City, for United States; Jane E. Booth, Asst. U. S. Atty., New York City, of counsel.

EDWARD J. RYAN, Bankruptcy Judge.

Irving Henry Saxe ("Saxe" or "the bankrupt") filed a petition in proceedings for an arrangement pursuant to Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 701 et seq. (1970), on March 5, 1973. Saxe was thereafter adjudicated a bankrupt on January 16, 1974, and a trustee was duly appointed. The first meeting of creditors was held on February 25, 1974, in accordance with the Bankruptcy Act.

On July 2, 1973, the Internal Revenue Service ("IRS") filed a proof of claim designated as Claim No. 43, for personal and individual income taxes due from the bankrupt for the 1971 tax year in the amount of $77,542.42. The last day to file claims in the Saxe case was August 25, 1974, see Bankruptcy Act § 57(n), 11 U.S.C. § 93(n). The IRS made no application for any extensions of this filing deadline.

On April 9, 1976, the IRS levied a 100% penalty assessment against Irving H. Saxe, president and a responsible officer of Montwill Corporation, for withholding and Federal Insurance Contribution Act ("FICA") taxes for the second quarter of 1972 and the second quarter of 1973 in the total amount of $220,643.09, pursuant to section 6672 of the Internal Revenue Code.[1] This assessment was made after the IRS determined that the Montwill Corporation which was adjudicated a bankrupt on January 17, 1974, and against whom the IRS timely filed a proof of claim, would not be able to collect $350,000 due from insurers, and therefore would not be able to pay off its outstanding withholding and FICA taxes. Consequently, on April 14, 1974, the IRS filed a second proof of claim in the Saxe case designated as Claim No. 61, reflecting the 100% penalty assessment.

The issue herein is whether or not the IRS should be allowed to file Claim No. 61, the 100% penalty assessment, as an amendment to Claim No. 43, the claim for personal and individual income taxes due under the internal revenue laws of the United States.

 Section 57(n) of the Bankruptcy Act, 11 U.S.C. § 93(n) provides that:

"all claims under the Act including all claims of the United States, and of any State, or any subdivision thereof shall be proved and filed in the manner provided in this section. Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed."

Where there has been no filing within the prescribed statutory period, any claim thereafter filed will be barred. *In re Brill*, 52 F.2d 636 (S.D.N.Y.) *aff'd* 525 F.2d 639 (2d Cir. 1931). If, however, a claim has been timely filed, amendments are permitted to correct defects of form, supply greater particularity in the allegations of fact from which the claim arises, or make a formal proof of claim based on the facts which had already been brought to the notice of the trustee by some informal writing or some pleading within the statutory period. *In re G. L. Miller & Co.*, 45 F.2d 115, 116 (2d Cir. 1930).

Generally, an amendment will be permitted if it is "related to the 'range of matters' in controversy alleged in the original claim and [does] not attempt to set up a new claim or cause of action." *In re Provident Securities, Inc.*, 3 B.C.D. 1369, 1371 (S.D.N.Y.1978). *See Chassen v. United States*, 207 F.2d 83 (2d Cir. 1953), *cert. denied*, 346 U.S. 923, 74 S.Ct. 309, 98 L.Ed. 416 (1954); Fed. R.Civ.P. 15(c) (amendment permitted where ". . . the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth . . . in the original pleading."); 3 Collier ¶ 57.11[3] at 217 [14th ed. 1977].

The trustee asserts that Claim No. 61, the 100% penalty assessment, is not an amendment to Claim No. 43, but rather is a new, separate and distinct claim.

 Employers paying salary or wages to employees are required to deduct from their employees' pay withholding[2], and FICA[3] taxes.[4]

---

1. "Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, *be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid* over." [emphasis added] I.R.C. § 6672.

2. I.R.C. § 3402(a).

3. I.R.C. § 3101.

4. I.R.C. § 7501(a) ("Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose").

Failure by the employer to turnover monies properly deducted from employees' salaries would subject the employer to the provisions of section 6672 of the Internal Revenue Code. Section 6672 gives the Government recourse to hold employers, officers and employees personally liable if they were under a duty to collect, account for and pay over the taxes. The personal liability consists of a penalty equal to the amount of taxes which were not collected, accounted for, or paid over, provided that such malfeasance was willful. *See Bloom v. United States*, 272 F.2d 215 (9th Cir.), *cert. denied*, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1950); *Sherwood v. United States*, 228 F.Supp. 247 (E.D.N.Y.1964); *In re Haynes*, 88 F.Supp. 379 (D.Kan.1948).

■ The decision of Irving Saxe, as president and a responsible officer of Montwill Corporation, which resulted in the corporation's not turning over to the Government the taxes withheld from the employees' pay constituted "willful conduct" within the meaning of section 6672. *See Bloom v. United States, supra; In re Haynes, supra.*

■ Generally, penalties are not allowable claims under the Bankruptcy Act (B.A. § 57(j)). However, where the "penalty" constitutes an actual "pecuniary loss" to the Government it is allowable under § 57(j) of the Act.[5] *See Kelly v. Lethert*, 362 F.2d 629 (8th Cir. 1966); *Allan v. United States*, 386 F.Supp. 499 (N.D.Tex.1975); *In re Serignese*, 214 F.Supp. 917 (D.Conn.1963), *aff'd sub nom. Goring v. United States*, 303 F.2d 960 (2d Cir. 1964). Thus, when withholding, and FICA taxes are deducted from an employee's paycheck and credited to that employee, such a credit constitutes a pecuniary loss to the Government if not paid over and entitles the Government to penalize the employer in that amount; said assessment constitutes an allowable claim pursuant to 11 U.S.C. § 93(j).

■ In contending that the 100% penalty assessment is separate and distinct from Irving Saxe's personal tax liability, the trustee fails to recognize that the liability for the penalty is *personal* to the person against whom it is asserted. *See Spivak v. United States*, 254 F.Supp. 517 (S.D.N.Y. 1966), *aff'd*, 370 F.2d 612 (2d Cir.), *cert. denied*, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *See Datlof v. United States*, 252 F.Supp. 11 (E.D.Pa.1966), *aff'd* 370 F.2d 655 (3rd Cir. 1966), *cert. denied*, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); *Smith v. Commissioner*, 34 T.C. 110 (1960) *aff'd* 294 F.2d 957 (5th Cir. 1961).

"Indeed, it has been held that the government need not even seek to reach existing corporate assets, but may proceed against the officers under Section 6672 irrespective of them." *Spivak v. United States*, 254 F.Supp. at 524.

■ The original and amended proof of claims were for *personal* taxes due under the internal revenue laws of the United States. Both are demands of the same generic origin (i. e., personal tax liability), *Menick v. Hoffman*, 205 F.2d 365 (9th Cir. 1953), and are related to the range of matters in controversy. *In re Provident Securities, Inc.*, 3 B.C.D. 1369 (S.D.N.Y.1978). Claim No. 63, therefore, should be allowed as an amendment to Claim No. 43.

The trustee further alleges that even if Claim No. 63 were to be construed as an amendment to the original claim, it would not be provable under § 63 of the Bankruptcy Act since the assessment was made three years after the filing of the Chapter XI petition.

■ An assessment, however, is not a prerequisite to tax liability. *In re Serignese*, 214 F.Supp. 917 (D.Conn.1963). As the Montwill Corporation withheld taxes from employees' wages a contingent liability was created. *Kalb v. United States*, 505 F.2d 506 (2d Cir. 1974). "A 'contingent

---

5. "Debts owing to the United States or to any State or any subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued on the amount of such loss according to law." Bankruptcy Act, § 57(j), 11 U.S.C. 93(j).

debt' [is] within the provisions of § 63, sub. a(8) of the Bankruptcy Act." *In re Serignese*, 214 F.Supp. at 920. Thus, even though the bankrupt's liability was not absolute on the date of adjudication, it was ascertainable at all times and capable of liquidation without delay, and, therefore, provable under § 63 of the Act. *In re Serignese, supra* at 917.

The trustee also argues that, in applying the five factor test of *In re Miss Glamour Coat Co.*, U.S.Tax.Cas. ¶ 9737 (S.D.N.Y. 1980) equity favors disallowing the IRS's amended claim.

In *In re Miss Glamour Coat*, the IRS had timely filed an original proof of claim for specified amounts due for FICA and FUTA taxes owed by Glamour Coat Co. The IRS sought to augment this claim by filing an amended proof of claim after the six-month statutory deadline passed. In remanding the matter back to the bankruptcy court, which had disallowed the amendment, Judge Lowe set forth five criteria that should be used in considering whether or not to allow an amended proof of claim:

"(1) whether the bankrupt and creditors relied upon the IRS' earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would follow pending the completion of the audit. [citations omitted].

(2) whether the other creditors would receive a windfall to which they are not entitled on the merits by the court not allowing this amendment to the IRS' proof of claim. [citation omitted]

(3) whether the IRS intentionally or negligently delayed in filing the proof of claim stating the amount of corporate taxes due. [citation omitted].

(4) the justification, if any, for the failure of the IRS to file for a time extension for the submission of further proofs of claim pending the audit pursuant to § 93(n) of Title 11 of the U.S.Code; and

(5) whether or not there are any other considerations which should be taken into account in assuring a just and equitable result." U.S.Tax.Cas. at ¶ 9937–38. [citations omitted].

In applying these factors to the instant case, equity favors allowing the IRS to file Claim No. 61 as an amended proof of claim.

 No evidence has been submitted to indicate that either the bankrupt or his creditors relied upon the IRS' earlier claim. Irving Saxe, as president and a responsible officer of Montwill Corporation, knew or should have known of the outstanding withholding and FICA taxes for the second quarter of 1972 and the second quarter of 1973. I.R.C. § 6671(b).[6] *See Bloom v. United States, supra; In re Haynes, supra.*

If the trustee succeeds in this application the creditors will receive a windfall to which they are not entitled. The penalty in this case is to recoup a pecuniary loss. It does not exact an amount over that lost by the Government in unpaid taxes, and it does not unjustly punish other creditors. *See In re Serignese, supra.*

Montwill Corporation's listing of $350,000 in insurance claims to be collected was sufficient justification for the IRS to assume that the corporation would be able to pay the outstanding taxes, and, consequently, originally forego filing a proof of claim for the outstanding taxes against Irving H. Saxe.

In summary, the equities of this case dictate a decision in favor of the IRS: the initial claim (No. 43) filed by the IRS was timely; the IRS reasonably relied upon the scheduled listings of Montwill Corporation in deciding initially to pursue its tax claims against Montwill Corporation rather than against Irving H. Saxe; Irving H. Saxe, president of Montwill Corporation, was in a position to know or should have known of this outstanding corporate liability and of his potential *personal* liability.

---

6. I.R.C. § 6671(b) ("The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.")

Thus, focusing either on the nature of the tax liabilities or on the criteria enunciated by Judge Lowe, in balancing the equities, the IRS should be allowed to file its assessment as an amendment to the original proof of claim, Claim No. 43.

Settle an appropriate order.