In re Rodney B. RICHMOND, Debtor.

Bankruptcy No. 83–02630–H3–3.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

July 29, 1988.

Lillian D. Brigman, Atty., Tax Div., Dept. of Justice, Dallas, Tex., for U.S. (IRS).

## MEMORANDUM AND ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT

LETITIA Z. CLARK, Bankruptcy Judge.

This cause having come before the Court on Debtor's Motion for Partial Summary Judgment and United States of America's Internal Revenue Service ("IRS") Motion for Partial Summary Judgment and the Court finding that there are no genuine issues of material fact as to the following issues, finds and concludes:

1. The IRS claim for 1977 individual income taxes was timely filed November 3, 1983; that portion of the Supplemental No. 1 Proof of Claim filed on behalf of the IRS regarding Debtor's individual income taxes for the year 1977 including interest is hereby allowed and the claim classified as a secured claim.

2. That portion of the Supplemental No. 1 Proof of Claim filed on behalf of the IRS for Debtor's individual income taxes for the years 1978, 1980, 1981, and 1982 including interest is hereby allowed as a priority claim. The timely filed claim for 1977 federal income taxes indicated an intent on the part of the IRS to hold the Debtor liable for past-due federal income taxes and pre-petition interest. *In re Simms*, 40 B.R. 186 (N.D.Ga.1984). If both a timely claim and a late claim are "of the same generic origin," then notice to the debtor of the timely claim results in adequate notice to the debtor of the late claim. *Menick v. Hoffman*, 205 F.2d 365 (9th Cir. 1953); (A timely IRS claim for unpaid employer withholding taxes gave adequate notice of a late claim for individual income taxes); *Matter of Saxe*, 14 B.R. 161 (S.D.N.Y.1981) (A timely IRS claim for personal income taxes gave sufficient notice of potential claims for personal liability on unpaid corporate payroll taxes.) *And See* I.R.C. § 7501.

3. The Administrative claim filed on behalf of the IRS for post-petition individual income taxes for the year 1983 including interest is not dischargeable under 11 U.S.C. § 1328(a) as it did not become due until April 15, 1984, after confirmation of the plan on December 20, 1983, and as it was not provided for in the plan.

4. The Supplemental No. 2 Proof of Claim filed on behalf of the IRS for employment taxes including penalties and interest is hereby allowed as a priority claim but only to the extent that Debtor is personally liable for same as opposed to the corporate liability of Debtor's business. *Menick v. Hoffman, supra;* I.R.C. § 7501. Thus, it is hereby,

ORDERED that Debtor's Motion for Partial Summary Judgment is granted in part and denied in part in accordance with the above findings and conclusions and it is further,

ORDERED that IRS' Motion for Partial Summary Judgment is granted in part and denied in part in accordance with the above findings and conclusions, and it is further,

ORDERED that a Pre–Trial Order will issue with regard to docket control dates for trial of the remaining issues.