**In the Matter of Joseph E. WORKMAN, Debtor.**

**Joseph E. WORKMAN, Plaintiff,**

v.

**UNITED STATES of America, (INTERNAL REVENUE SERVICE), Defendant.**

**Bankruptcy No. 87–51509.**
**Adv. No. 89–5032.**

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 12, 1989.

Charles A. Mobley, Macon, Ga., for plaintiff.

Ann Reid, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Camille Hope, Chapter 13 Trustee, Macon, Ga., Trustee.

MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Joseph E. Workman, Debtor, Plaintiff, filed a petition under Chapter 13 of the

---

**7.** These damages are delineated in an earlier part of the opinion.

Bankruptcy Code on August 20, 1987. Plaintiff filed a complaint to determine the dischargeability of a debt on May 15, 1989. Plaintiff contends that his debt to the United States of America (Internal Revenue Service), Defendant, (IRS) is dischargeable because the debt is provided for in his Chapter 13 plan and because the IRS failed to timely file a proof of claim. The IRS filed its answer on June 19, 1989. The parties filed a stipulation of facts on September 25, 1989. The parties filed cross-motions for summary judgment on October 2, 1989. The Court, having considered the facts presented and the briefs of counsel, now publishes its opinion.

Plaintiff was president, majority shareholder, and director of Scarlet Enterprises, Inc. In 1987, an IRS revenue officer investigated alleged delinquent employment tax liabilities of Scarlet Enterprises, Inc. As a result of the investigation, the revenue officer recommended that penalties be assessed against Plaintiff under section 6672(a) of the Internal Revenue Code[1] as follows:

| Period | Amount |
| --- | --- |
| 4th Qtr 1985 | $ 4,907.22 |
| 1st Qtr 1986 | 10,321.39 |
| 2nd Qtr 1986 | 8,633.67 |
| 3rd Qtr 1986 | 3,001.42 |
| 4th Qtr 1986 | 2,395.98 |
| 1st Qtr 1987 | 509.23 |
| | $29,768.91 |

The IRS advised Plaintiff of its intention to assess the penalties on June 22, 1987. On July 3, 1987, Plaintiff protested the proposed assessment and requested an appeal of the IRS's decision. Plaintiff's case was transferred to IRS Appeals on July 15, 1987. On August 7, 1987, Plaintiff's attorney filed a protest of the proposed penalty assessment.

Plaintiff filed a petition under Chapter 13 of the Bankruptcy Code on August 20, 1987. He scheduled his debt to the IRS as disputed and unsecured with a balance owed of $20,000. His schedule shows the debt is for "941 Taxes Scarlet Enterprises, Inc." Plaintiff's matrix included the IRS.

A meeting of creditors was scheduled for September 15, 1987, pursuant to section 341(a) of the Bankruptcy Code[2] ("341(a) meeting"). The 341(a) meeting notice stated that the bar date for filing claims was December 14, 1987. The IRS did not file a proof of claim or request an extension of time to file a claim. Plaintiff's plan provided for payment in full of all section 507 priority claims. The Court confirmed Plaintiff's Chapter 13 plan on November 9, 1987.

Plaintiff continued to dispute the proposed assessment outside of the Bankruptcy Court after he filed his petition. A conference between Plaintiff's attorney and the IRS was held on September 8, 1988. The IRS contends that Plaintiff's attorney tentatively agreed to a settlement of Plaintiff's liability. The IRS sent a settlement agreement (Form 2751) to Plaintiff. Plaintiff did not return the agreement. Plaintiff contends that he never agreed to any settlement.

On December 15, 1988, the IRS advised Plaintiff that, because a settlement could not be reached, the proposed penalties would be assessed against him. An assessment was made on February 6, 1989, in the amount of $29,768.91 under section 6672 of the Internal Revenue Code.

Plaintiff does not dispute his liability for unpaid employment taxes prior to June 30, 1986. Plaintiff contends he terminated his employment with Scarlet Enterprises, Inc. on June 30, 1986. Plaintiff contends that he is not liable for unpaid taxes after June 30, 1986.

---

**1.** I.R.C. § 6672(a) (West 1989). This section provides:

 **(a) General rule.**—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable. I.R.C. § 6672(a) (West 1989).

**2.** 11 U.S.C.A. § 341(a) (West Supp.1989).

The IRS contends that the penalties imposed on Plaintiff under section 6672 are a postpetition liability not dischargeable under section 1328(a) of the Bankruptcy Code.[3] The IRS contends that, unlike most taxes, penalties under section 6672 are not payable on a date certain, but only become payable upon assessment. The IRS contends that, although an employer's liability for employment taxes becomes payable upon a set date, the derivative penalties under section 6672 only become payable upon notice and demand. Notice and demand are not made until after the filing of an assessment.[4]

■ The IRS contends that the penalties did not become payable until the assessment on February 6, 1989. The IRS further contends that, under section 1305(a)(1) of the Bankruptcy Code,[5] it may, but is not required to, file a proof of claim for the postpetition penalty. The IRS did not file a proof of claim. The IRS contends, therefore, that its claim is not provided for by Plaintiff's plan and is not dischargeable.

In *United States v. Huckabee Auto Co.*,[6] the United States Court of Appeals for the Eleventh Circuit stated:

> The Internal Revenue Code requires an employer to withhold social security and federal income taxes from the wages of its employees. *See* 26 U.S.C. § 3102 (1982) and 26 U.S.C. § 3402 (1982). The sum of taxes withheld "shall be held to be a special fund in trust for the United States." 26 U.S.C. § 7501(a) (1982). Where, as here, the employer fails to remit the withheld funds, the Government must nevertheless credit each employee as if the funds were actually paid over to the Government. *Newsome v. United States*, 431 F.2d 742, 744 (5th Cir.1970) (citations omitted). Congress has therefore provided a remedy to protect the Government from suffering the loss.
>
> The Internal Revenue Code permits the Government to collect 100 percent of the delinquent taxes from those persons who are responsible for the corporation's failure to pay the taxes owed. *Monday v. United States*, 421 F.2d 1210, 1216 (7th Cir.) (citations omitted), *cert. denied*, 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970).... Although denoted a penalty in the statute, the liability imposed by section 6672 is not penal in nature, *Monday*, 421 F.2d at 1216, but is "'simply a means of ensuring that the tax is paid.'" *Newsome*, 431 F.2d at 745 (quoting *Botta v. Scanlon*, 314 F.2d 392, 393 (2d Cir. 1963)). The primary purpose of the section is thus the protection of government revenue. *Newsome*, 431 F.2d 745 (citations omitted).

783 F.2d at 1548.

The IRS contends that Plaintiff's liability occurred postpetition because the penalty

---

3. *See* 11 U.S.C.A. § 1328(a) (West 1979). This section provides:

> (a) As soon as practicable after completion by the debtor of all payments under the plan, unless the court approves a written waiver of discharge executed by the debtor after the order for relief under this chapter, the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of this title, except any debt—
> (1) provided for under section 1322(b)(5) of this title; or
> (2) of the kind specified in section 523(a)(5) of this title.

11 U.S.C.A. § 1328(a) (West 1979).

4. *See* I.R.C. § 6671 (West 1989). This section provides:

> (a) **Penalty assessed as tax.**—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.
> (b) **Person defined.**—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

I.R.C. § 6671 (West 1989).

5. 11 U.S.C.A. § 1305(a)(1) (West 1979). This section provides:

> (a) A proof of claim may be filed by any entity that holds a claim against the debtor—
> (1) for taxes that become payable to a governmental unit while the case is pending; or

11 U.S.C.A. § 1305(a)(1) (West 1979).

6. 783 F.2d 1546 (11th Cir.1986).

"became payable" while his case was pending. In *United States v. Edwards*,[7] the court made the following observations concerning section 6672:

> The company's liability for withholding taxes arises at the moment the taxes are withheld from employee salaries; a contingent liability is immediately created for the amount withheld. *Kalb v. United States*, 505 F.2d 506, 509 (2d Cir.1974), *cert. denied*, 421 U.S. 979, 95 S.Ct. 1981, 44 L.Ed.2d 471 (1975). The person responsible for paying the company's withholding taxes is also contingently liable from that moment. *In re Serignese*, 214 F.Supp. 917 (D.Conn.1963), *aff'd per curiam sub nom. Goring v. United States*, 330 F.2d 960 (2d Cir.1964).

572 F.Supp. at 1534.

In *In re Serignese*,[8] the court reviewed an order by the Referee in Bankruptcy disallowing the IRS's claim for section 6672 penalties. The Referee had held that no provable debt was owed the IRS on the date of bankruptcy adjudication because the debt arose out of a penalty which did not exist until it was assessed. Because the penalty was not assessed until after the date of adjudication, the Referee concluded that it was not a provable debt at the time of adjudication.

The district court disagreed with the Referee and stated:

> Upon default in payment by Advance Caterers, Inc., Serignese became personally liable. Thus, his was a contingent liability. The bankrupt's liability, although not absolute, existed as of the date of adjudication. This liability was subject to a contingency, i.e. the payment or non-payment of the taxes by Advance Caterers, Inc. Non-payment by the corporation fixed liability on the bankrupt. Similarly, payment would have extinguished his liability. The bankrupt's liability under § 6672 of the Internal Revenue Code for the taxes of Advance Caterers, Inc., is a "contingent debt" within

the provisions of § 63, sub. a(8) of the Bankruptcy Act. The amount of the Government's claim was ascertainable at all times and the provisions of § 57, sub. d of the Bankruptcy Act are applicable since the debt is capable of liquidation without undue delay.

> Assessment is not a prerequisite to tax liability. *Cohen v. Mayer*, 199 F.Supp. 331 (D.N.J.1961). This is true also with respect to penalties under § 6672.

214 F.Supp. at 920.

The Court has reviewed the opinion in *In re Miller*[9] and is persuaded that the issues there are quite similar to those in the case at bar. In *In re Miller*, the IRS began an investigation to determine whether a section 6672 penalty should be assessed against a debtor. The debtor filed a Chapter 13 petition the same day he first met with the IRS revenue officer. The debtor scheduled his unassessed section 6672 penalty as a contingent claim in the amount of $1.00. The IRS did not file a proof of claim or assess the penalty prior to the bar date. A penalty in the amount of $40,542.27 was assessed several months after the bar date.[10]

One issue before the court was whether the penalty should be allowed as a postpetition claim under section 1305(a)(1). The court stated:

> The IRS at one point argued that all the 100% penalty claim is a claim for "postpetition" taxes—taxes incurred by Mr. Miller during the chapter 13 case—which is allowable under Bankruptcy Code § 1305. As to the penalty for the first two quarters of 1986, the law on this point is clearly against the IRS and in Mr. Miller's favor.

> For the first two quarters of 1986, the corporation had filed the employment tax returns before Mr. Miller filed his chapter 13 case. The employment taxes for those two quarters were due. Assuming Mr. Miller is liable for the 100% penalty,

---

7. 572 F.Supp. 1527 (D.Conn.1983).

8. 214 F.Supp. 917 (D.Conn.1963), *aff'd sub nom. Goring v. United States*, 330 F.2d 960 (2d Cir. 1964).

9. 90 B.R. 317 (Bankr.E.D.Tenn.1988).

10. *Id.* at 319–20.

he was liable then, before he filed his chapter 13 case.

All that remained was for the IRS to examine the facts and determine that he was liable. This is exactly the kind of situation in which the deadline for filing a proof of claim is supposed to spur the IRS to speed up its processes or obtain an extension of time to file a proof of claim. The IRS's need to investigate the prepetition facts before it decides to assess a tax or a penalty does not convert a contingent, disputed, or unliquidated claim for prepetition taxes into a claim for postpetition taxes. 11 U.S.C. §§ 507(a)(7), 502(i), & 101(4), (11); see, e.g., *In re Easton*, 59 B.R. 714 (Bankr.C. D.Ill.1986); *In re Overly–Hautz Co.*, 57 B.R. 932, 14 Coll.Bankr.Case.2d 360 (Bankr.N.D.Ohio 1986); *In re Starkey*, 49 B.R. 984 (Bankr.D.Colo.1984); *In re Sapienza*, 27 B.R. 526, 10 Bankr.Ct.Dec. 358 (Bankr.W.D.N.Y.1983); *In re Phillips*, 27 B.R. 94, 10 Bankr.Ct.Dec. 4 (Bankr.E.D.Va.1983).

Thus, the 100% penalty claim for failure to pay employment taxes for the first two quarters of 1986 is a prepetition claim that is barred by the IRS's failure to file a timely proof of claim.

90 B.R. at 324.

 This Court notes that Congress affords Chapter 13 debtors a more extensive discharge than is available to debtors under any other chapter of the Bankruptcy Code. Under section 1328(a), a debtor who completes his plan is discharged from all debts except certain long-term debts and alimony and child support debts. Taxes are not excepted from discharge under section 1328(a). To be discharged under section 1328(a), a debt must be provided for by the plan or disallowed under section 502 of the Bankruptcy Code.[11] A priority tax claim, if timely filed and allowed, must be paid in full pursuant to the Chapter 13 plan.[12] The IRS, like any other creditor, must timely file a proof of claim or be barred from participation in the plan. If the debtor's plan makes provision for pay-

ment and a tax claim is not timely filed, the tax claim is discharged upon completion by the debtor of all payments required under the plan. *See Kiker v. United States (In re Kiker)*, 98 B.R. 103, 107 (Bankr.N.D.Ga. 1988).

The Court is persuaded that Plaintiff owed a contingent debt to the IRS when he filed his petition. The IRS had notice of his petition and the bar date for claims. The IRS failed to timely file a proof of claim. This claim is provided for in Plaintiff's plan and will be discharged after completion of all payments pursuant to section 1328(a).

An order in accordance with this memorandum opinion will be entered this date.

## ORDER

In accordance with the memorandum opinion entered this date; it is

ORDERED that the motion for summary judgment filed by Joseph E. Workman, Plaintiff, is granted; and it is further

ORDERED that the motion for summary judgment filed by United States of America (Internal Revenue Service), Defendant, is denied; and it is further

ORDERED that the debt owed by Plaintiff to Defendant for the section 6672 penalty is determined to be dischargeable in bankruptcy upon granting of the discharge in Plaintiff's Chapter 13 case; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.

---

**11.** 11 U.S.C.A. § 502 (West 1979 & Supp.1989).

**12.** *See* 11 U.S.C.A. § 1322(a)(2) (West Supp. 1989).