**In re Patrick G. WAINDEL and Susan L. Waindel, Debtors.**

**Bankruptcy No. 91–46456–H3–13.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

June 30, 1993.

Ian Cain, Houston, TX, for debtor.

Carol Reeve, Office of U.S. Atty., Houston, TX, for I.R.S.

## MEMORANDUM OPINION

LETITIA Z. CLARK, Bankruptcy Judge.

The following are the Findings of Fact and Conclusions of Law on the Debtor's objection to the proof of claim filed by the United States of America, on behalf of the Internal Revenue Service ("IRS"). To the extent any of the Findings of Fact herein are construed to be Conclusions of Law, they are hereby adopted as such. To the extent any of the Conclusions of Law herein are construed to be Findings of Fact, they are hereby adopted as such.

### Findings of Fact

1. The Debtors filed their voluntary Chapter 13 petition on August 5, 1991.

2. IRS filed its original proof of claim on November 7, 1991 for $20,966.52 in taxes, penalties, and interest for tax year 1990.

3. The bar date to file a proof of claim in this case pursuant to Rule 3002 Fed. R.Bankr.P. was February 4, 1992.

4. On February 6, 1992, two days after the bar date, IRS filed an amended proof of claim for $73,781.79 for taxes, penalties, and interest for tax years 1982 through 1986 and 1990.

5. The amended proof of claim reflects adjustments to the Debtors' taxes made as a result of adjustments to the tax returns of two limited partnerships in which the Debtors invested.

6. The Debtors included unliquidated tax debts to IRS for 1982, 1983, and 1990 in their schedules. The amounts estimated by the Debtors were $16,850.00, $9,500.00, and $20,-000.00, respectively.

7. The Debtors object to the amended proof of claim filed by IRS on the basis that it was not timely. IRS asserts that its amended claim is allowable as an amendment to the timely filed proof of claim. IRS also asserts that its claim is allowed under Section 502 of the Bankruptcy Code even though

it is filed late because it does not fall within the eight grounds for disallowance enumerated in that section.

## Conclusions of Law

1. The general rule in Fifth Circuit law regarding amendment of timely filed proofs of claim is that amendment is freely allowed where the purpose of the amendment is to cure a defect in the claim as originally filed, to describe a claim with greater particularity, or to plead a new theory of recovery on the facts set forth in the original claim. *In re Commonwealth Corp.*, 617 F.2d 415 (5th Cir.1980).

2. However, an amendment to a proof of claim after the bar date must be carefully scrutinized in order to ensure that the amendment does not amount to an attempt to file a new claim after the time for filing claims has expired. *Commonwealth*, 617 F.2d, at 420.

3. Claims deadlines have as their purpose enabling debtors and creditors to know, reasonably promptly, what parties are making claims against the estate and in what general amounts. *In re Kolstad*, 928 F.2d 171 (5th Cir.1991).

4. Courts have applied variations of two factors in determining whether amendments to IRS bankruptcy proofs of claim should be allowed: (1) whether IRS is attempting to stray beyond the bounds of the original proof of claim and effectively file a new claim that could not have been foreseen from the earlier claim or events such as an ongoing or recently commenced audit; and (2) the degree and incidence of prejudice, if any, caused by IRS' delay. *Kolstad*, 928 F.2d, at 175, n. 7., *citing In re Miss Glamour Coat Co.*, 80-2 U.S.T.C. ¶ 9737 (S.D.N.Y. 1980).

5. This court has previously held, in *In re Richmond*, 92 B.R. 713 (Bankr.S.D.Tex. 1988), that if both a timely claim and a late claim are "of the same generic origin", then notice to the Debtor of the timely claim reflects the creditor's intent to hold the Debtor liable for the late-filed claim. In that case a claim for 1977 income taxes was held to be adequate notice to sustain an amend-

ment addressing income taxes for subsequent years.

6. The instant case is distinguished from *Richmond*, in that, *inter alia*, the tax year for which the IRS filed its original, timely proof of claim, 1990, is for the tax year immediately preceding the petition date and substantially later than the tax years included in the late proof of claim. This case is also distinguished from *Kolstad*, in that in the instant case the amended proof of claim reflects new claims tardily asserted by IRS, rather than an adjustment to the amount of the claim. The IRS claims for 1982–1986 in the instant case address deductions based on limited partnerships. There was no showing that the IRS claim for 1990 taxes addressed these partnerships. Indeed the IRS in its trial statement (Docket No. 75) indicates on page two that the deduction claims regarding these partnerships ceased after tax year 1986.

7. In addition, the policy reasons elaborated in *Kolstad*, toward advancing the Chapter 11 goal of encouraging voting and negotiation among the creditors, are not present to the same degree in a Chapter 13 case. A Chapter 13 debtor may provide for treatment of certain creditors outside the plan (*see* 11 U.S.C. § 1322(b)(2)) and the plan filed by these Debtors does so. In addition, at the time of the proposed amendment to claim by IRS in the instant case, the plan had already been confirmed, and the Debtors had been making payments to the Trustee pursuant to that plan.

8. The court concludes that the amended proof of claim is not of the same generic origin as the timely original proof of claim filed by IRS. The Debtors did not have sufficient notice in the original proof of claim that IRS intended to hold them liable for taxes based on certain disallowed partnership interests for tax years 1982 through 1986.

9. IRS' second argument, that the amended claim is allowed even though not timely filed, is without merit. Section 502 provides in part:

(a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed unless a party in interest,

including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except ... [the enumerated exceptions are inapplicable].

10. Section 501 does not contain a provision defining when a proof of claim is filed under that section. The legislative history reflects that Congress anticipated that the Bankruptcy Rules would allow governmental units a reasonable time to file proofs of claim in bankruptcy cases. 124 Cong.Rec. H11093 (daily ed. Sept. 28, 1978); S17410 (daily ed. Oct. 6, 1978).

11. The Bankruptcy Rules contain the provisions anticipated by Congress. Rule 3002(c) Fed.R.Bankr.P. provides that a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors. Rule 9006 expressly limits the extension of time to file a claim under Rule 3002(c) to the limits expressed in that rule.

12. The applicable provision of Rule 3002(c) states that "on motion of the United States ... before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States ..." Rule 3002(c)(2) Fed. R.Bankr.P. No such motion was filed and thus the court may not extend the time for filing a proof of claim. IRS had a remedy available, and did not pursue that remedy.

13. IRS has asserted that its amended proof of claim was not timely filed due to a clerical error. (IRS Trial Statement, Docket No. 75, at 3). The answer to this argument is found in the Fifth Circuit's opinion in *In re Robintech, Inc.*, 863 F.2d 393 (5th Cir.1989). Exceptions cannot be made every time a creditor claims hardship. Frequent players in the bankruptcy arena know this, and are aware that deadlines are important and should not be heard to complain of

unfairness except under the most egregious circumstances. *Robintech*, 863 F.2d, at 398.

Based on the foregoing, a separate judgment will be entered disallowing the amended claim of IRS.

### JUDGMENT

Based on the separate Memorandum Opinion signed this same day, it is

ORDERED that the amendment to the claim of the United States of America, by and through the Internal Revenue Service, is disallowed.