**In re Joseph Manuel TAVARES, Linda Louise Tavares, Debtors.**

**Bankruptcy No. 8000044.**

United States Bankruptcy Court, D. Rhode Island.

Sept. 13, 1982.

Marvin Homonoff, Kirshenbaum & Kirshenbaum, Providence, R.I., for Myron Herman Co.

John Boyajian, Boyajian, Coleman & Harrington, Providence, R.I., trustee.

Russell D. Raskin, Andreoni & Raskin, Providence, R.I., for debtors.

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

In dispute is whether a creditor's proof of claim may be filed out of time.

The Debtors filed their Chapter 13 petition on January 18, 1980 and listed Myron Herman Co. as a creditor. On February 8, 1980 notices were mailed to all creditors stating that the first meeting of creditors was scheduled for February 19, 1980 and that all creditors' claims were required to be filed within six months of that date. A proof of claim from Myron Herman Co. in the amount of $622.02 was received by the bankruptcy clerk's office on December 29, 1980, more than four (4) months late, and the Trustee objects to its allowance.

■ 11 U.S.C. § 501(a) provides that "a creditor . . . may file a proof of claim." Since that section does not establish time limitations for the filing of proofs of claim, Rule 302 of the Rules of Bankruptcy Procedure continues to apply. H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 351 (1977), U.S. Code Cong. & Admin. News 1978, p. 5787; 3 Collier on Bankruptcy, ¶ 501.02 (15th ed. 1981). Rule 302(e) provides:

(e) *Time for Filing.* A claim must be filed within 6 months after the first date set for the first meeting of creditors . . . .

The creditor in this case filed its claim 10 months after the first date set for the first meeting of creditors, well outside the limitation set forth in Rule 302. No request for an extension was filed within the six month period. See Bankruptcy Rule 302(e)(1).

 Since the six month filing requirement is a mandatory and nondiscretionary statute of limitations, Myron Herman Company's late claim may not be allowed. *See In re Brown,* 14 B.R. 233 (Bkrtcy. N.D. Ill. 1981); *In re Alsted Automotive Warehouse, Inc.,* 16 B.R. 924 (Bkrtcy. E.D.N.Y. 1982).

Enter order accordingly.