In re Glen Barry HATCHETT and Patricia A. Hatchett, Debtors.

Bankruptcy No. 81–00553–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

July 18, 1983.

Harold H. Purcell, Louisa, Va., for debtors.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Robert E. Hyman (Hyman), the trustee herein, of an objection to the allowance of Claim # 8 filed on behalf of the Internal Revenue Service by Glen Barry Hatchett (Hatchett), a debtor herein, in the amount of $72,772.33. Hyman objects to the filing of this Proof of Claim on the ground that it was not timely filed. After hearing and upon the submission of briefs, this Court makes the following determination.

## STATEMENT OF THE FACTS

The Hatchetts filed this Chapter 7 bankruptcy petition on April 3, 1981. On April 16, 1981 this Court issued a notice to all of the debtors' creditors in which the Court notified the creditors that in order to share in any distribution of the assets of the debtors' estate, they would have to file claims within six months after the date set for the meeting of creditors. This same notice informed the creditors that a meeting of creditors was set for April 29, 1981. October 28, 1981, was the last day a Proof of Claim could be filed.

On May 12, 1982, Hatchett filed with this Court a Proof of Claim on behalf of the Internal Revenue Service (IRS) in the amount of $72,772.33. Hatchett noted in this Proof of Claim that the IRS held him personally liable for this debt which was a debt of United Colorgraphics Corporation, a corporation in which Hatchett served as an officer. United Colorgraphics Corporation, which filed a petition in bankruptcy with this Court on July 3, 1980, failed to pay to the IRS withholding taxes for its employees and the IRS's claim against Hatchett was based upon his position as a responsible officer of that corporation. Hatchett received the IRS's assessment on May 10, 1982, and filed this proof of claim shortly thereafter on May 12, 1982.

## CONCLUSIONS OF LAW

Hatchett proffers several arguments in his request for this Court to deny the trustee's objection to the IRS's proof of claim. First, Hatchett contends Bankruptcy Rule 302(e)(3) permits the debtor to file a Proof of Claim on behalf of a creditor after the expiration of the period for filing proofs of claim where the creditor obtains a judgment after the period for filing proofs of claim has expired.

Bankruptcy Rule 302(e) provides

"A claim must be filed within 6 months after the first date set for the first meeting of creditors, except as follows:

(1) On application before the expiration of such period and for cause shown, the court may grant a reasonable, fixed extension of time for filing of a claim by the United States, a state, or subdivision thereof.

(2) In the interest of justice the court may grant an infant or incompetent person without a guardian up to an additional 6 months for filing a claim.

(3) A claim which arises in favor of a person or becomes allowable because of a judgment for the recovery of money or property from such person or because of a judgment denying or avoiding a person's interest in property may be filed within 30 days after such judgment becomes final, but if the judgment imposes a liability which is not satisfied, or a duty which is not performed, within such period or such further time as the court may permit, the claims shall not be allowed.

(4) If notice of no dividend was given to creditors pursuant to Rule 203(b), and subsequently the payment of a dividend appears possible, the court shall notify the creditors of that fact and shall grant them a reasonable, fixed time for filing their claims of not less than 60 days after the mailing of the notice or 6 months after the first date set for the first meeting of creditors, whichever is the later.

(5) If all claims allowed have been paid in full, the court may grant a reasonable, fixed extension of time for the filing of claims not filed within the time hereinabove prescribed against any remaining surplus.

■ This rule contains the time limits on the filing of claims established in § 57(n) of the Bankruptcy Act of 1898. Although the Bankruptcy Reform Act of 1978 does not contain any similar provision, this rule remains effective because it has not been superseded by any provision of the 1978 Bankruptcy Reform Act. Courts uniformly have construed Bankruptcy Rule 302(e) and its predecessor § 57(n) as statutes of limitations which are mandatory and immutable. "This is a statute of limitations. It is even more. It is a prohibition. It is preemptory." *In re Brill,* 52 F.2d 636, 637 (S.D.N.Y. 1931), *aff'd,* 52 F.2d 639 (2d Cir.1931). An efficient system of bankruptcy administra-

tion depends upon promptness in the filing of proofs of claim. 3 *Collier on Bankruptcy*, ¶ 57.27[1] (14th ed. 1977). Courts have concluded that Bankruptcy Rule 302(e) evidences a clear Congressional intent to require the filing of proofs of claim within the time limit; therefore, courts are precluded from finding exceptions to these provisions. *Hoos & Co. v. Dynamics Corporation of America*, 570 F.2d 433, 439 (2nd Cir.1978). This strict rule is applicable to cases under Chapter 7, Chapter 11, and Chapter 13 of the Bankruptcy Code. *See, In re Pigott*, 684 F.2d 239 (3rd Cir.1982); *In re Tavares*, 23 B.R. 129 (Bkrtcy.D.R.I.1982); *In re Alsted Automotive Warehouse, Inc.*, 16 B.R. 924 (Bkrtcy.E.D.N.Y.1982); *In re Brown*, 14 B.R. 233 (Bkrtcy.N.D.Ill.1981); *In re Van Dyk Research Corp.*, 13 B.R. 487 (Bkrtcy.D.N.J.1981) (but see, *In re Oakton Beach & Tennis Club Real Estate Limited Partnership*, 9 B.R. 201 (Bkrtcy.E.D.Wis. 1981) in which the court held that Rule 906(b) of the Federal Rules of Bankruptcy Procedure gives the court discretion to grant an extension of time where an application to file a late proof of claim is made after the expiration of the six month period and there is a finding of excusable neglect.) [1]

■ Although bankruptcy courts are courts of equity, they have refrained from allowing the late filing of proofs of claim even in cases in which such relief would mitigate " . . . any undue harshness resulting from such a statutory limitation . . . ." *Van Dyk Research* 13 B.R. at 494. This result is reached both because of the conclusion that the six month filing requirement is a statute of limitations which is mandatory and nondiscretionary and because the fundamental purpose of the rule would not be served by permitting any exceptions

thereto. *Tavares* 23 B.R. at 130 and *Van Dyk Research* 13 B.R. at 494.

In *Pigott*, the court faced a factual situation similar to that faced by this court in the instant case. Two creditors, one of which was the Commonwealth of Pennsylvania, filed late proofs of claim. Pennsylvania filed its claim more than two months after the 6 month deadline expired. Pennsylvania's claim was based upon the debtor's failure to pay taxes. The court recognizing the apparent unfairness in disallowing Pennsylvania's claim which burdened the debtor with this tax debt concluded that § 57(n) barred it from allowing the late filing of Pennsylvania's claim. The court noted that Bankruptcy Rule 303 permitted the debtor to file on behalf of Pennsylvania a proof of claim for the unpaid taxes; therefore, the debtor had an opportunity to avoid the effects of the state's dilatoriness. Section 501(c) of the 1978 Bankruptcy Code now permits the debtor to file a proof of claim on behalf of any creditor who fails to file a proof of claim.

■ The debtor contends that in the instant case he was unable to file a proof of claim on behalf of the IRS because the IRS did not issue its assessment for the taxes until May 10, 1982, approximately six months after the time for filing proofs of claim had expired. When United Colorgraphics Corporation defaulted in its payment to the IRS for withholding taxes for its employees Hatchett, as an officer of the corporation, became personally liable for the corporation's tax liability debt. Hatchett's liability was not absolute but instead was contingent subject to the payment by United Colorgraphics Corporation of the withholding taxes to the IRS. Nonpayment by the corporation fixed liability on Hatchett.[2] *See, In re Serignese*, 214 F.Supp. 917,

---

1. Rule 906(b) of the Rules of Bankruptcy Procedure provides in pertinent part that

 "When by these Rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at anytime in its discretion . . . order the period enlarged . . . but it *may not extend* the time for taking any action under Rules . . . *302(e)*, . . .

except to the extent and under the conditions stated in them." (Emphasis added.)
The *Oaktown Beach* decision goes against the statutory wording of Rule 302(e) and the clear weight of authority.

2. A corporation's principal officer's failure to turnover withholding taxes to the federal government may subject that principal officer to individual liability for payment of those tax-

920 (D.Conn.1963), *aff'd sub nom., Goring v. United States,* 330 F.2d 960 (2d Cir.1964). An assessment of a tax is not a prerequisite to tax liability. *In re Saxe,* 14 B.R. 161, 164 (Bkrtcy.S.D.N.Y.1981). Prior to the assessment by the IRS of Hatchett's liability for the unpaid withholding taxes, this debt was ascertainable as a contingent debt of Hatchett and he could have timely filed a proof of claim on behalf of the IRS for this debt.

Second, Hatchett contends that because he did not know of the IRS's claim until the expiration of the six month period for filing proofs of claim the Court should exercise its equity power to permit the filing of the late proof of claim. Hatchett claims that it would be inequitable for this Court to sustain the trustee's objection. Even if Rule 906(b)(2) permitted the late filing of proofs of claim where equitable considerations so dictated, in the instant case such an allowance would effect a manifest injustice on the Hatchetts' other creditors. Four of the Hatchetts' creditors, Reinitz, United Leasing Corporation, Virginia Paper Company, and Dominion National Bank of Richmond, filed complaints to determine the dischargeability of debts owed them by the Hatchetts. These four creditors were the only creditors of the Hatchetts to file proofs of claim. Each of the complaints was settled prior to trial. In negotiating the settlement terms the parties considered which sums held by the trustee would be paid them on their proofs of claim and used this information in determining the sums which the Hatchetts had to pay in settlement of these complaints. The settlements of these dischargeability cases were not finalized until the last day for filing proofs of claim had passed in order that these four creditors could know the general amount of the forthcoming dividend from the trustee. Each of these creditors would be severely prejudiced by an allowance of the IRS's claim.

es. Because funds which are collected and withheld are taxes, this debt may be nondischargeable pursuant to 11 U.S.C. § 523(a)(1).

Finally, the debtor claims that Bankruptcy Rule 302(e)(3) allows the late filing of this proof of claim because the assessment made by the IRS has the force of a judgment and this judgment arose after the expiration of the period for filing proofs of claim. The debtor is mistaken in his reading of this section. Bankruptcy Rule 302(e)(3) deals with the plight of the secured creditor whose claim against the debtor arises after bankruptcy because of a judgment avoiding his security interest where the claim is allowable for the first time after the time for filing claims has expired. This section provides that creditor with the right to file his proof of claim within thirty days after the judgment avoiding his security interest becomes final. *Notes of the Advisory Committee on Bankruptcy Rules.*

An appropriate Order will issue.

*In re Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978); *reh. denied,* 438 U.S. 907, 98 S.Ct. 3126, 57 L.Ed.2d 1150 (1978).