**In re Thomas William DAVIS, Shirley Wilma Davis, Debtors.**

**Bankruptcy No. 88–4–0406–PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Dec. 7, 1989.

1. This difficulty is caused in part by the illegibility of the copy submitted.

Terence Garvey, Chapter 7 trustee.

Gary Rubard, for debtors.

## MEMORANDUM OF DECISION

(Renewed Amended Objection to Trustee's Final Account and Proposed Order of Distribution, and Amended Motion for Extension of Time to File Proof of Claim or To Allow Amended Proof of Claim)

PAUL MANNES, Chief Judge.

Before the court is the objection of the debtors, Thomas William Davis and Shirley Wilma Davis, to the final report, final account, and proposed order of distribution of Terence Brian Garvey, the trustee in bankruptcy for the above-captioned Chapter 7 estate.[1] Debtors also seek an extension of time to file a proof of claim pursuant to Rule 3004, or in the alternative that the amended proof of claim filed on behalf of the Internal Revenue Service be allowed.

The debtors' problem was brought on by the failure of the Internal Revenue Service to file a timely proof of claim. It had timely notice of the filing of this case under Chapter 7, albeit the original notice to creditors indicated, as in most individual bankruptcy cases under Chapter 7, that the case appeared to be a no asset case. Following a report of assets on May 11, 1988, the Clerk mailed the notice of the need to file proofs of claim. Fed.R.Bankr.P. 3002(c)(5). This notice was mailed to all creditors, including the Internal Revenue Service, showing a bar date for the filing of claims of August 9, 1988.

While debtors scheduled a $27,355.98 obligation to the Internal Revenue Service, the Internal Revenue Service did not file a proof of claim by the bar date. Eventually, the debtors filed a proof of claim in the amount of $27,355.00 on behalf of the Internal Revenue Service on December 19, 1988, and filed an amended claim on December 29, 1988. Thereafter, the Internal Revenue Service filed its own proof of claim in the amount of $20,966.51 on January 27, 1989. The trustee objected to the Internal Revenue Service claim as untimely, and the court sustained the objection. The debtors then filed the instant matters. The trustee holds sufficient funds from the sale of debtors' home to satisfy the Internal Revenue Service claim, which is a penalty under 26 U.S.C. § 6672 for failure to pay withholding taxes for debtors' former business that would receive priority under 11 U.S.C. § 507(a)(7)(C). Columbia Construction Co., Inc., and Capital Lighting Supply, Inc., the two largest unsecured claimants in this case, oppose the debtors' application. These creditors will receive larger dividends if the priority creditor is excluded.

■ Fed.R.Bankr.P. 3002(c)(1) and (5) governing the time for filing proofs of claim provide:

3002. Filing Proof of Claim or Interest.

(c) TIME FOR FILING. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

(1) On motion of the United States, a state, or subdivision thereof before the expiration of such period and for cause shown, the court may extend the time for filing of a claim by the United States, a state, or subdivision thereof.

\* \* \* \* \* \*

(5) If notice of insufficient assets to pay a dividend was given to creditors pursuant to Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possi-

---

1. Because of an error in computing the trustee's commissions, an amended final report and account and proposed order of distribution were filed after the objection. The amendment has no substantial effect upon the objection.

ble, the clerk shall notify the creditors of that fact and that they may file proofs of claim within 90 days after the mailing of the notice.

Fed.R.Bankr.P. 9006(b) governing enlargement of time provides:

Rule 9006. Time

(b) ENLARGEMENT.

(1) IN GENERAL. Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) ENLARGEMENT NOT PERMITTED. The court may not enlarge the time for taking action under Rule 1007(d), 1017(b)(3), 1019(2), 2003(a) and (d), 7052, 9015(f), 9023, and 9024.

(3) ENLARGEMENT LIMITED. The court may enlarge the time for taking action under Rules 1006(b)(2), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

2. The Judicial Conference Standing Committee on Rules of Practice and Procedure submitted a Preliminary Draft of Proposed Amendments to the Bankruptcy Rules for public comments on August 18, 1989. That draft proposed changes in Rule 3004 as follows:

Rule 3004. Filing of Claims by Debtor or Trustee

If a creditor fails to file a proof of claim on or before the ~~first date set for the meeting of creditors called pursuant to § 341(a) of the Code~~ expiration of the time for filing claims prescribed by Rule 3002(c) or fixed by the court pursuant to Rule 3003(c), whichever is applicable, the debtor or trustee may do so in the name of the creditor, (1) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 13 individual's debt adjustment case, within 30 days after expiration of the time for

Fed.R.Bankr.P. 9006(b)(3) limits enlargement of the period in which to file proofs of claim to those exceptions enumerated in Rule 3002(c). Therefore, Rule 9006(b)(3) precludes application of the general provisions of 9006(b)(1) allowing an extension of time where the failure to act was the result of excusable neglect. The bankruptcy court lacks the discretion in bankruptcy cases under Chapters 7 and 13 that it has in cases under Chapter 11 to enlarge the time in which to file a proof of claim. *E.g., In re Somar Concrete, Inc.,* 102 B.R. 44, 46 (Bkrtcy.D.Md.1989). Thus the court could not allow the IRS to file a proof of claim on its own behalf.

In an asset case, when a nondischargeable creditor such as a priority tax creditor fails to file a timely proof of claim, the result is that debtors find themselves saddled with a liability that might have been satisfied out of their estate. By the enactment of 11 U.S.C. § 501(c) as implemented by Fed.R.Bankr.P. 3004, Congress provided a safety net for debtors prejudiced by the failure of a creditor to file a timely proof of claim.

11 U.S.C. § 501(c) provides:

§ 501. Filing of proofs of claim or interests

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.

Rule 3004 as changed by the 1987 amendments to the Fed.R.Bankr.P. presently reads: [2]

filing claims prescribed by Rule 3002(c) or fixed by the court pursuant to Rule 3003(c), whichever is applicable, or (2) in a chapter 12 family farmer's debt adjustment case, prior to the hearing on confirmation of a plan. The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. A proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee.

COMMITTEE NOTE

The first date set for the meeting of creditors pursuant to § 341(a) of the Code is not relevant to the time to file claims in a chapter 11 case and, therefore, reference to that date is deleted.

This rule provides a short period of time in which the debtor or trustee may file a proof of claim in the name of a creditor in a chapter 12 case. This provision is consistent with

Rule 3004. Filing of Claims by Debtor or Trustee

If a creditor fails to file a proof of claim on or before the first date set for the first meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, *within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable.* The clerk shall forthwith mail notice of the filing to the creditor, the debtor and the trustee. *A* proof of claim *filed by a creditor* pursuant to Rule 3002 or Rule 3003*(c)* shall supersede the proof filed by the debtor or trustee. (Reflecting 1987 changes)

## ADVISORY COMMITTEE NOTE—1987 AMENDMENT

Under the rule as amended, the debtor or trustee in a chapter 7 or 13 case has 120 days from the first date set for the meeting of creditors to file a claim for the creditor. During the first 90 days of that period the creditor in a chapter 7 or 13 case may file a claim as provided by Rule 3002(c). If the creditor fails to file a claim, the debtor or trustee shall have an additional 30 days thereafter to file the claim. A proof of claim filed by a creditor supersedes a claim filed by the debtor or trustee only if it is timely filed within the 90 days allowed under Rule 3002(c).

Because of the amendment, the pre–1987 rule change cases cited by debtors in their Memorandum of Points and Authorities, section I (Docket Entry 49), have no application. For example, debtors rely on *In re Higgins,* 29 B.R. 196, 200, 8 CBC.2d 500 (Bkrtcy.N.D. Ohio 1983), and its progeny that reasoned, "In the absence of a statutory or rule-prescribed time limit, the courts should fashion a reasonable procedural time in which debtors can file claims on behalf of creditors who do not timely file." Rule 3004 as amended, however, does provide a rule-prescribed time in which to effectuate the provision of 11

expedited procedures in chapter 12 cases relating to the filing of proofs of claim and the

U.S.C. § 501(c). Prior to the 1987 amendment, reasonableness of time was determined by considering the prejudice to creditors and delay in administration. *In re Kimber,* 84 B.R. 462, 463, 17 BCD 532 (Bkrtcy.W.D.Mich.1988). The 1987 amendment provides a bright line rule balancing the equities of the situation that this court will follow. *Cf. In re Eckols,* 77 B.R. 345, 348 (Bkrtcy.N.H.1987) (Rule 3004 as amended provides the time Congress intended beyond the statutory deadline for debtors to determine whether creditors filed claims).

■ Unlike Rule 3002, enlargement of time under Rule 3004 is not restricted by Rule 9006(b)(2) or (3). Therefore, the issue is whether the debtors have shown that their failure to file the claim on behalf of the Internal Revenue Service was the result of excusable neglect. In support of this contention, the debtors state at page 3 of their Memorandum of Points and Authorities:

Given the circumstances involved in this case, the improper notice at the outset of the case, the late assessment of personal liability and the actual amount due, the change in the rule and the lack of notice to the Debtors, it is averred that extension of time to file a proof of claim is appropriate here.

Debtors' basis for this assertion may be found in paragraphs 3 and 5 of the Debtor's Amended Motion for Extension of Time to File Proof of Claim pursuant to Rule 3004 (Docket Entry 48):

3. Although notified of the pendency of this proceeding and of their inclusion therein, the Internal Revenue Service never filed a timely proof of claim. It is possible that this occurred because the original Notice to Creditors stated erroneously that no proofs of claim need be filed. Neither the undersigned or the Debtor were ever advised which creditors had or had not filed proofs of claim, and the undersigned has to this day received

confirmation hearing prescribed in Rules 3002 and 3005 and in § 1224 of the Code.

no copy of any proof of claim in this matter.

5. The undersigned received no notice that the Internal Revenue Service had not filed a proof of claim until the Trustee's proposed distribution was received on December 5, 1988.

This court in *Somar*, 102 B.R. at 48, adopted the definition of excusable neglect set forth in *In re Manning*, 4 BCD 304, 305 (D.Conn.1978) (Excusable neglect is "the failure to timely perform a duty [that] was due to circumstances beyond the reasonable control of the person whose duty it was to perform.") The burden of proving excusable neglect is on the party moving for an extension of time. *Manhattan–Ward, Inc. v. Grinnell Corp.*, 490 F.2d 1183, 1186 (2d Cir.1974). The difficulty with the debtors' argument is that no third party was under any obligation to report to the debtors the filing or the non-filing of any claim.

Pursuant to Fed.R.Bankr.P. 5003(b) the clerk must keep a claims register listing claims filed in a case when it appears that there will be a distribution to unsecured creditors. Such records are public records and open to examination. 11 U.S.C. § 107(a). The debtors had the right to check the claims docket either out of fairness to those creditors who did not file claims or out of self-interest to protect themselves from claims that would otherwise be non-dischargeable, such as the claim at hand. Regretfully, the debtors had the situation within their control. Therefore, they have not sustained their burden as to excusable neglect, and the court will enter an order denying their motion for an extension of time within which to file a proof of claim on behalf of the IRS.

Debtors also argue (Docket Entry 49, at 10) that the claim was a corporate debt on which the debtors' personal liability was not asserted until October 1988 and the specific amount owed was not identified until November 1988. They argue that, "A proof of claim filed by the debtors before that time would have been speculative as to whether any personal liability existed, and would have identified an incorrect amount owed." The rebuttal is that the debtors' Schedule A–1 showed an obligation to the Internal Revenue Service for 1986 of $27,-355.98. That statement made under penalty of perjury is a solemn admission binding upon the debtors. *Sovran Bank v. Anderson*, 743 F.2d 223, 225 n. 1 (4th Cir. 1984) (quoting *Horner v. Hamner*, 249 F. 134, 137 (4th Cir.1918)). Claims may be amended just as schedules. Nothing prevented debtors from filing the claim as they set forth in their schedules, then amending it.

Debtors urge that Rule 3004 is inequitable and unconstitutional. This position is without merit. The Rule if followed provides the means to do what benefits debtors. "Section 501(c) as implemented by Rule 3004 is intended to allow the debtor to insure that non-dischargeable debts are reduced by distributions from the bankruptcy estate." L. King, 8 *Collier on Bankruptcy* ¶ 3004.03 (15th ed.1989).

■ Lastly, debtors urge that the proof of claim filed on behalf of the IRS be allowed as an amended claim arguing that scheduling the claim constitutes an informal claim. Nothing in this record demonstrates what sometimes has been described as an informal *de facto* claim. Obviously before an amendment to a claim may be allowed, a claim must be filed. Even cases such as *Dabney v. Addison*, 65 B.R. 348, 351 (E.D.Va.1985), which represent the high-water mark for the equitable power of allowing amended proofs of claim, note that mere knowledge by the trustee of the claim is not sufficient notice to permit an amended claim nor is listing the claim in debtors' schedules sufficient notice. A generally accepted test for establishing an amendable informal proof of claim requires:

1) The proof of claim must be in writing;
2) The writing must contain a demand by the creditor on the debtor's estate;
3) The writing must express an intent to hold the debtor liable for the debt;
4) The proof of claim must be filed with the Bankruptcy Court; and
5) Based on the facts in the case, it would be equitable to allow the amendment.

100

*In re McCoy Management Services, Inc.,* 44 B.R. 215, 217, 12 BCD 531 (Bkrtcy.W.D. Ky.1984); *In re Murchison,* 85 B.R. 37, 41 (Bkrtcy.N.D.Tex.1987).

Debtors also argue that this court allowed a creditor to file an untimely claim in another case in which their counsel participated (*In re John and Agnes Kennedy,* 82–1–1886) merely because the creditor forgot to file a claim. In that case, however, the creditor had actively participated in the case and an adversary proceeding. Here, the IRS showed no interest in debtors' case. Thus, the situation in *Kennedy* was analogous to the situation in *Dabney.* Moreover, after having participated in the *Kennedy* matter, one would think that debtors' counsel would be fully cognizant of what is required in a like situation.

The renewed and amended objection to the trustee's final account and proposed order of distribution will be overruled, and the amended motion for extension of time to file a proof of claim or to allow an amended proof of claim will be denied. Counsel for the trustee shall prepare orders in accordance with the foregoing.