In re Helen H. KLOEBLE, Debtor.

Bankruptcy No. 88–03676–B7.

United States Bankruptcy Court,
S.D. California.

March 5, 1990.

Michael Bergner, San Diego, Cal., for debtor.

Loraine L. Pedowitz, Baker & McKenzie, San Diego, Cal., for movant.

**380**

Richard Peterson, San Diego, Cal., Trustee.

Sylvia Shaughnessy, Dist. Counsel, I.R.S., San Diego, Cal., for respondent.

Edward A. Infante, U.S. Trustee, Dept. of Justice, San Diego, Cal.

## ORDER ON DEBTOR'S OBJECTION TO TRUSTEE'S NOTICE OF INTENT TO DISTRIBUTE ESTATE

PETER W. BOWIE, Bankruptcy Judge.

Debtor Helen Kloeble filed her petition in bankruptcy under Chapter 7 on May 6, 1988. In her schedules, she listed priority tax debts of $6,861.08 to the IRS, $17,828.41 to state agencies, and $166.34 to San Diego County. Debtor listed her personal Social Security number on her petition.

Debtor's estate had a single non-exempt asset, a liquor license. According to subsequent pleadings, debtor had negotiated a sale of the license pre-petition, but demands made on the escrow by unsecured creditors would have put those creditors ahead of the various taxing authorities, leaving debtor with no ability to pay otherwise non-dischargeable taxes. For that reason, we are told, debtor filed her petition to ensure tax creditors were paid in accordance with the Bankruptcy Code's priority scheme.

Post-petition the trustee was authorized by this Court to consummate the sale of the liquor license. The state tax claims were paid upon the sale. After certain other costs of administration were paid, the trustee had almost $33,000 remaining. He filed a Notice of Intent to Distribute Estate on March 31, 1989 and the notice was served the same date. The notice proposed payment of the trustee's fees and expenses, payment of category I priority tax claims in the amount of $2,798.38, and the balance of over $28,000 to general unsecured creditors.

The debtor objected to the proposed distribution. Alarmed that the notice did not appear to include any payment to the IRS, the debtor checked with the trustee and learned that the IRS had not filed a proof of claim. Debtor then checked with the IRS and was advised the IRS had no claim against debtor under her Social Security number. Thus, the root of the problem was exposed.

This Court has jurisdiction of debtor's objection to the trustee's proposed distribution under 28 U.S.C. § 1334 and General Order 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O).

The essential facts are not controverted. Debtor's late husband had operated a restaurant. When he died, debtor kept the restaurant open until the lease expired. Debtor continued to use the employer identification number for the restaurant. When debtor filed her bankruptcy petition, she did not list that employer identification number on the petition. Therefore, that number was not listed on the notice of claims bar date sent to all creditors, including the IRS. Accordingly, the IRS had no occasion to ascertain any tax liability under the employer identification number and thereafter timely file a proof of claim for it.

Debtor initially requested that she be allowed to file a late claim for the IRS. Creditor Pimental–Dimas opposed, arguing that Bankruptcy Rule 3004 required that such a claim be filed within thirty days after the claims bar date. The claims bar date was December 2, 1988. Debtor's request, made on or about April 20, 1989 was therefore untimely. Creditor Pimental–Dimas also contended he was entitled to a $2,000 wage claim priority distribution under 11 U.S.C. § 507(a)(3), with the balance of his $36,000 claim treated as a general unsecured claim.

Debtor then took a new tack, asserting the right to amend her petition and schedules to show the employer identification number pursuant to Bankruptcy Rule 1009. In pertinent part, Rule 1009 provides:

(a) General Right to Amend. A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may

be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby.

On May 12, 1989 debtor filed amendments to her petition, the list of creditors, and the summary of debts, all disclosing the IRS priority tax claim which, it appears from the record, was filed by the IRS on or about April 19, 1989, after the IRS was notified by the debtor of the employer identification number.

■ Bankruptcy Rule 1009 is clear. Since this case has not been closed, debtor may amend "as a matter of course." That has been done, and the late added creditor has filed a proof of claim.

Creditor Pimental–Dimas argues that even if the amendments are allowed, the IRS is not entitled to participate in the distribution because it did not timely file its claim. Further, Pimental–Dimas argues that the IRS had sufficient notice of debtor's Social Security number to permit the IRS to identify any other liability debtor might have, and to timely file a proof of claim. As to the latter proposition, this Court disagrees.

■ First, Bankruptcy Rule 1009 provides in pertinent part:

The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition.

The title of the case on debtor's petition did not include the "employer's tax identification number." Absent other evidence to establish that the IRS knew that claims of creditors of the restaurant were encompassed in debtor's petition, the Court finds that the IRS did not receive the requisite notice.

■ The question of whether the IRS may participate in the distribution of this estate is more difficult. The debtor recognizes that if the IRS does not share in the distribution the taxes will not be discharged and will remain a burden on the debtor, who has no other ability to pay them. It is clear from the concept embodied in Bankruptcy Rule 3004 that a debtor should be able to protect itself by filing a claim on behalf of a creditor which holds a nondischargeable claim, but has not timely filed it. As creditor Pimental–Dimas points out, however, Rule 3004 gives the debtor 30 days after the claims bar date within which to file such a claim. The apparent consequence of the debtor's failure to file for the creditor within the time allotted under Rule 3004 is that the debtor remains burdened with the debt post-discharge to the extent the debt was nondischargeable. Section 523(a)(3) of Title 11, United States Code, is to the same effect. It provides in relevant part that a discharge under Chapter 7 does not discharge a debt:

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim....

This Court recognizes that the Bankruptcy Code supports payment of taxes owed by a debtor, and assigns certain taxes a priority over other unsecured creditors. 11 U.S.C. § 507(a)(7). Further, this Court acknowledges debtor's obvious interest in having her tax obligation paid by the Chapter 7 trustee, rather than having the obligation remain a burden upon the debtor post-discharge. The Congress provided a mechanism for the debtor to avoid such a result. Section 501(c) of Title 11, United States Code, provides:

(c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of claim.

As already noted, Bankruptcy Rule 3004 requires that such a proof of claim be filed within 30 days after the claims bar date.

In this Court's view, the procedure authorized by 11 U.S.C. § 501(c) and Rule

3004 contemplates that the debtor will ascertain as of the claims bar date whether proofs of claim were timely filed by creditors. The debtor can then file claims for creditors who have not. In the instant case, debtor scheduled the IRS as a priority creditor owed over $6,800. According to the debtor, the IRS did not file a timely proof of claim in that amount, or any other. Yet debtor did nothing within the 30 days after December 2, 1988, to file a proof of claim for the IRS for the amount listed in the Schedules (or any other amount), or even find out then why none was filed. Nevertheless, debtor now asks that the Court set a new claims bar date for the IRS so the IRS can participate in the estate, just as if the IRS had timely filed a claim or the debtor had timely complied with Rule 3004. But, in fact, neither has occurred in this case.

For the foregoing reasons, the Court declines to eviscerate Bankruptcy Rule 3004 by granting the debtor's implicit request that the IRS be authorized to share in this debtor's Chapter 7 estate. In passing, the Court also notes that other than filing a proof of claim the IRS has not requested to do so. Accordingly, debtor's objection to the trustee's intended distribution is overruled. The Court expresses no opinion on whether the IRS could participate in the distribution of this estate under 11 U.S.C. § 726(a)(2)(C) inasmuch as the question has not been raised.

Creditor Pimental–Dimas has raised the issue of his entitlement to a priority for wages of $2,000 pursuant to § 507(a)(3). No objection has been filed to that claim. The trustee may wish to consider whether such a priority should be recognized, since it was not recognized in the original Notice of Intent to Distribute Estate.

IT IS SO ORDERED.