936 F.2d 771
 68 A.F.T.R.2d 91-5258, 91-2 USTC P 50,413,
Bankr. L. Rep. P 74,046
 In re Thomas William DAVIS; Shirley Wilma Davis, Debtors.
Thomas William DAVIS; Shirley Wilma Davis, Plaintiffs-Appellants,
v.
COLUMBIA CONSTRUCTION COMPANY, INCORPORATED; Capitol
Lighting Supply, Incorporated, Defendants-Appellees,
and
Terence Garvey, Trustee; Internal Revenue Service;
Montgomery Ward; Signet Bank/Virginia; James R.
Hansen; Office of US Trustee; US
Attorney (DC), Defendants.
 No. 90-3096.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 10, 1991.
Decided June 28, 1991.
As Amended Aug. 12, 1991.
 
 Gary Alan Rubard, Temple Hills, Md., for plaintiffs-appellants.
 Michael James Goergen, Washington, D.C., for defendants-appellees.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and MICHAEL, District Judge for the Western District of Virginia, sitting by designation.
 ERVIN, Chief Judge:
 
 
 1
 Debtors Thomas and Shirley Davis appeal from a judgment of the district court, which affirmed the bankruptcy court's finding that Bankruptcy Rule 3004 precludes their untimely filing of a proof of claim on behalf of their creditor, the Internal Revenue Service, in their Chapter 7 bankruptcy action. Finding no grounds from which to infer that the Davises' failure to file by the Rule 3004 deadline was the result of excusable neglect, we affirm the district court's judgment.I.
 
 
 2
 Thomas and Shirley Davis (Debtors) were owners and officers of a corporation, T & S Electric, which did business in Maryland between 1982 and 1986. When their business failed, Debtors filed a voluntary Chapter 7 petition on February 18, 1988 in the United States Bankruptcy Court in Rockville, Maryland. Among the debts listed on Debtors' schedule was a debt to the Internal Revenue Service (IRS) in the estimated amount of $27,355.98 for unpaid employee withholding taxes for the taxable year 1986. The estate consisted of Debtors' residence, valued at over $170,000.
 
 
 3
 The clerk of the bankruptcy court initially advised the creditors that Debtors' estate would not support a distribution and that consequently no proof of claim was required at that time. After the creditors' hearing, the Trustee sold Debtors' house and realized proceeds sufficient to support a distribution. Subsequently, the clerk mailed the creditors a new notice advising that they must file a proof of claim on or before August 9, 1988, pursuant to Bankruptcy Rule 3002(c). The IRS did not file a claim by this deadline.
 
 
 4
 On December 1, 1988, the Trustee filed a Notice and Proposed Order of Distribution which omitted the IRS from the distribution. On December 19, Debtors filed a proof of claim on behalf of the IRS pursuant to Bankruptcy Rule 3004, which governs the filing of proofs of claim by debtors. Debtors filed the proof of claim 10 days after the December 9, 1988 deadline established by the operation of Bankruptcy Rules 3004 and 3002(c). Simultaneously, Debtors filed a motion for extension of time and an objection to the Trustee's Proposed Order of Distribution. The IRS filed its own proof of claim on January 25, 1989, identifying the tax owed as a penalty under 26 U.S.C. Sec. 6672 for failure to pay withholding taxes, a claim which receives priority over the claims of other creditors under 11 U.S.C. Sec. 507(a)(7)(C). The Trustee and two creditors, Columbia Construction Company and Capital Lighting and Supply, Inc., filed objections to Debtors' proof of claim on behalf of the IRS.
 
 
 5
 At a hearing on Debtors' motion for extension of time, the bankruptcy court denied the motion on the ground that Debtors were unable to show excusable neglect so as to qualify for an enlargement of time for filing under Bankruptcy Rule 3004. In re Davis, 108 B.R. 95, 99 (Bankr.D.Md.1989). The court also denied Debtors' request that, as alternative relief, the untimely proof of claim they filed on behalf of the IRS be regarded as an amendment of a de facto informal proof of claim that Debtors claim resulted when they scheduled their IRS debt. Id. at 99-100. Finally, the court rejected Debtors' argument that Rule 3004 is unconstitutional for failure to give them proper notice of the date its filing period expired. Id. at 99.
 
 
 6
 Debtors appealed to the United States District Court for Maryland at Baltimore. The district court held that the bankruptcy court correctly rejected Debtors' proof of claim as untimely filed. Denying Debtors' appeal, the district court upheld the bankruptcy court's findings that the untimely filing did not result from excusable neglect, the untimely filed claim could not be regarded as an amendment to a de facto claim, and Rule 3004 is not unconstitutional. Under the jurisdictional provenance of 28 U.S.C. Sec. 158(d), Debtors then appealed the district court's judgment to this court.
 
 II.
 
 7
 Proofs of claim in bankruptcy are generally filed by creditors, who must file with the bankruptcy court in order to have their claims against the estate allowed. Fed.R.Bankr.P. 3002(a). By the operation of Bankruptcy Rule 9006(b)(3) on Rule 3002(c), creditors in a Chapter 7 proceeding who do not file a proof of claim within 90 days after the creditors' meeting are barred from filing such a claim, whether or not there was a good reason for the failure to timely file. See, e.g., Coastal Alaska Lines, Inc. v. Forsch, 920 F.2d 1428, 1432 (9th Cir.1990); In re Shelton, 116 B.R. 453, 454 (Bankr.D.Md.1990); In re S.A. Morris Paving Co., 92 B.R. 161, 162 (Bankr. W.D.Va.1988). Failure of creditors to timely file proofs of claim results in their exclusion from the Trustee's Proposed Order of Distribution. Thus unsecured creditors are usually motivated to comply so that they may take part in the distribution of the estate. If a creditor nevertheless fails to file by the bar date of Rule 3002(c), Rule 3004 allows the debtor to obtain relief from the finality of that immutable deadline by filing a proof of claim on behalf of the tardy creditor. Rule 3004, however, imposes its own deadline: the debtor must file the proof of claim within 30 days after the expiration of the deadline set by Rule 3002(c). Fed.R.Bankr.P. 3004.
 
 
 8
 Until the amendments to the Bankruptcy Rules took effect on August 1, 1987, Rule 3004 did not specify a deadline for filing. Prior to that time courts determined case by case, by balancing the equities, whether a debtor's delay in filing a proof of claim on behalf of a creditor was reasonable. Since the amended Rules took effect, however, the courts have strictly construed the bar date of Rule 3004, as they have other bar dates in bankruptcy. See In re Kloeble, 112 B.R. 379, 382 (Bankr.S.D.Cal.1990); In re Zimmerman, 114 B.R. 439, 440 (Bankr.W.D.Pa.1990); In re King, 90 B.R. 155, 157 (Bankr.E.D.N.C.1988).
 
 
 9
 However, the potential harshness of a strict application of the Rule 3004 deadline is mitigated by the operation of Rule 9006(b). This Rule provides that a debtor may obtain an enlargement of the prescribed time period for filing if he can show the court that his failure to file was the result of "excusable neglect." Fed.R.Bankr.P. 9006(b). The failure of the Rule to define what constitutes excusable neglect has prompted courts to make this determination by inquiring whether "the failure to timely perform a duty was due to circumstances which were beyond the reasonable control of the person whose duty it was to perform." In re Somar Concrete, 102 B.R. 44, 48 (Bankr.D.Md.1989); In re STN Enterprises, Inc., 94 B.R. 329, 332 (Bankr.D.Vt.1988). The inquiry centers on whether the delay could have been prevented by the exercise of diligence by the party who failed to perform. Hanson v. First Bank of South Dakota, 828 F.2d 1310, 1315 (8th Cir.1987). The determination of whether excusable neglect exists involves findings of fact, which are not to be set aside on appeal unless clearly erroneous. Fed.R.Bankr.P. 8013; In re Stenerson Corp., 61 B.R. 702, 705 (D.Md.1986). The court's decision on a Rule 9006(b) motion is to be reversed only for an abuse of discretion. In re Centric Corp., 901 F.2d 1514, 1517 (10th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 145, 112 L.Ed.2d 112 (1990).
 
 
 10
 Debtors argue that their neglect of timely filing was excusable because the bankruptcy court did not notify them that the IRS had not filed by the deadline or of the date by which they would have to file a proof of claim, and because they did not know that the IRS would hold them personally liable on the corporate tax debt until October 1988. Both of these arguments fail.
 
 
 11
 First, the Bankruptcy Rules do not impose on the clerk of court the duty to notify debtors as to the filing or non-filing of any claim. The clerk's statutory duty is to keep a claims docket listing claims as they are filed, when it appears that there will be a distribution to unsecured creditors. Fed.R.Bankr.P. 5003(b). The burden is on the debtor to ensure the operation of Rule 3004 by checking the claims docket, which is a public record. Debtors received actual notice of the deadline established for creditor filing in their case, which is the information necessary in order to calculate the date by which they needed to file under the clearly specified time limit of Rule 3004. Having received that information, Debtors were deemed to be on notice of their Rule 3004 deadline for filing on behalf of tardy creditors.
 
 
 12
 Second, the fact that Debtors were not assessed personal liability on the tax debt until October 1988 is not relevant. An assessment of a tax is not a prerequisite to the imposition of tax liability. In re Hatchett, 31 B.R. 833, 836 (Bankr.E.D.Va.1983). When T & S Electric defaulted in its payment to the IRS for withholding taxes for its employees, Debtors, as officers of the corporation, became personally liable for the tax debt. Prior to the assessment by the IRS of Debtors' liability for the unpaid tax, Debtors' liability was contingent, subject to the payment of the tax by the corporation. The debt was ascertainable as contingent from the time Debtors filed their petition with the accompanying schedule listing the corporate debt to the IRS. Thus, Debtors could have timely filed a proof of claim on behalf of the IRS for this debt, subsequently amending it as necessary. 31 B.R. at 835-36.
 
 
 13
 In re Hatchett, supra, is a Chapter 7 case which is on all fours with Debtors' situation in this respect. In denying the debtor's petition to permit him to file a late proof of claim on behalf of the IRS on equitable grounds, the bankruptcy court in Hatchett emphasized that, even if Rule 9006(b) permitted the late filing of proofs of claim where equitable considerations so dictated, the court could hardly invoke equity on behalf of the debtor when such an allowance would impose a "manifest injustice" on the debtor's other creditors. In re Hatchett, supra, 31 B.R. at 836. The creditors in Hatchett had filed proofs of claim and received negotiated settlements of their claims prior to trial and after the deadline for filing proofs of claim had passed. The bankruptcy court held that allowance of the IRS's claim would severely prejudice these creditors by reducing the amount they had negotiated for to receive as dividends from the Trustee. Id. It is apparent that the same sort of injustice would result to Debtors' other creditors, who diligently complied with the deadline for filing only to be threatened later by a significant reduction in the amount of the distribution they expected to receive.
 
 
 14
 Debtors concede that they failed to meet the Rule 3004 deadline, and they are unable to show that their failure stems from excusable neglect on their part. Rather, it appears that the late filing is the result of Debtors' lack of diligence in pursuing their statutory advantage. The district court did not err in affirming the bankruptcy court's refusal to grant Debtors permission for late filing on the basis of excusable neglect.
 
 II.
 
 15
 In the alternative, Debtors asked the district court to exercise its equitable powers to regard their scheduling of the IRS debt as an informal de facto proof of claim by the IRS, so that Debtors' claim filed on behalf of the IRS could be treated as a perfecting amendment of that claim. In support of this proposition, Debtors cite Dabney v. Addison, 65 B.R. 348 (E.D.Va.1985), a Chapter 7 case in which the court held that, in conformance with the trend of modern decisions toward liberality in allowing the filing of amended proofs of claim, such amendments should be permitted if "such a course is in furtherance of justice." 65 B.R. at 351 (quoting Fyne v. Atlas Supply Co., 245 F.2d 107 (4th Cir.1957)). The court's decision whether to allow equitable amendments to a proof of claim is to be upheld if it is not an abuse of discretion. In re Kolstad, 928 F.2d 171, 172 (5th Cir.1991) (discussing the amendment of a debtor-filed proof of claim).
 
 
 16
 Fyne held that a creditor may file an amended claim after the deadline has passed provided that "sufficient notice of the claim has been given in the course of the bankruptcy proceeding...." Fyne, supra, 245 F.2d at 107. Accord Wilkens v. Simon Brothers, Inc., 731 F.2d 462, 464 (7th Cir.1984) (citing Hutchinson v. Otis, 190 U.S. 552, 555, 23 S.Ct. 778, 779, 47 L.Ed. 1179 (1903)); Sun Basin Lumber Co. v. United States, 432 F.2d 48, 49 (9th Cir.1970). Although some courts have required that the informal proof of claim be in writing, e.g., In re McCoy Management Services, Inc., 44 B.R. 215, 217 (Bankr.W.D.Ky.1984), Fyne and an earlier Fourth Circuit case, Scottsville National Bank v. Gilmer, 37 F.2d 227 (4th Cir.1930), would permit the filing of an amended proof of claim even in cases where there has been no prior written filing.
 
 
 17
 None of these cases, however, supports the filing of an "amended claim" in this case, either by the IRS or by Debtors. For an amended claim to be allowed in the absence of a prior written informal claim, the creditor in question must undertake some affirmative action to constitute sufficient notice that he has a claim against the estate. Dabney, supra, 65 B.R. at 351. Mere knowledge of the claim on the part of the Trustee is not sufficient notice to permit an amended claim, nor is the listing of the claim in the debtor's schedule. Id. In all of the cases on which Debtors rely, the creditors actively participated in the bankruptcy proceedings. Moreover, in Scottsville and Dabney the courts based their decision to allow an amended claim in part on the fact that the creditors' efforts had increased the value of the debtors' estates. Scottsville, supra, 37 F.2d at 229; Dabney, supra, 65 B.R. at 352.
 
 
 18
 In the present case, the IRS did nothing that would alert other parties to the presence of its claim until after Debtors sought permission to file their amended claim. Both lower courts found that there was no action by the IRS that could be construed as a timely filed informal claim which could later be amended. Likewise, Debtors did nothing on behalf of the IRS until after the deadlines of both Rule 3002(c) and Rule 3004 had passed. See In re Kloeble, supra, 112 B.R. at 382 (court refused to extend time for filing on behalf of IRS under Rule 3004 where debtor did nothing until after deadline expired and IRS did not file a timely proof of claim).
 
 
 19
 Far from enhancing Debtors' estate as occurred in Scottsville and Dabney, allowing the "amended claim" on behalf of the IRS would severely reduce the size of the estate available for distribution to Debtors' other creditors. The Dabney court emphasized that, in making the decision whether to allow an amended claim, any potential adverse effect on any party--debtor, other creditor, or Trustee--and even on the public--must be considered. The court noted that allowing an amendment in Dabney's case would not harm any party since the value of the estate had increased and no distribution had yet taken place. Dabney, supra, 65 B.R. at 352. The contrary result in this case, where the IRS asserts a claim which takes priority over those of other creditors, is obvious. Cf. In re Greene, 33 B.R. 1007, 1010 (Bankr.D.R.I.1983) (amendment denied where, inter alia, creditor made no special contribution to the enhancement of the bankruptcy estate).
 
 III.
 
 20
 Finally, Debtors question the constitutionality of Rule 3004, a matter which we review de novo for plain error of law. Mason & Dixon Lines, Inc. v. First National Bank, 86 B.R. 476 (M.D.N.C.1988), aff'd, 883 F.2d 2 (4th Cir.1989). The summary disposition given by the lower courts is appropriate for Debtors' contention that Rule 3004 violates their due process rights because it does not provide that the debtor must be notified of the date of the expiration of the Rule 3004 filing period, or of those creditors who have filed by the Rule 3002(c) deadline.
 
 
 21
 Rule 3004 operates to benefit the debtor, who has voluntarily invoked bankruptcy jurisdiction to gain relief to which he is not entitled by right. Due process concerns are not implicated by placing the burden of ensuring the favorable operation of Rule 3004 on the debtor rather than on the creditor. By providing Debtors with actual notice of the Rule 3002(c) deadline for creditor filing in this case, the bankruptcy clerk gave Debtors the notice which ensured them the due process of law to which they are entitled within the context of a bankruptcy proceeding. Knowledge of this deadline enabled Debtors to calculate the Rule 3004 deadline, and the list of creditor filings was publicly available for them to check. See Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 656, 94 L.Ed. 865 (1950) (holding that the constitutional requirement of notice under the due process clause consists of the giving of notice reasonably calculated, under all the circumstances, to apprise interested parties of the action).
 
 
 22
 For the reasons stated above, we concur with the judgment of the district court, and therefore the judgment is
 
 
 23
 AFFIRMED.