**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**Filed 1/6/97**

**TENTH CIRCUIT**

IN RE: MICHAEL H. GOLDSTON,

    Debtor,

_____

MICHAEL H. GOLDSTON,

    Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellee.

No. 95-3067

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 94-CV-1279)**

John C. King, King Law Offices, LTD., Wichita, Kansas, for Plaintiff-Appellant.

Thomas V. Linguanti (Jackie N. Williams, United States Attorney, and Gary D. Gray with him on the briefs), Tax Division, Department of Justice, Washington, D.C., for Defendant-Appellee.

Before **SEYMOUR**, Chief Judge; and **PORFILIO** and **HENRY**, Circuit Judges.

**PORFILIO**, Circuit Judge.

The solitary legal question generated by this appeal is whether a valid assessment of a tax liability is a prerequisite to a subsequent claim for the taxes due. The question arises in the bankruptcy context where an Internal Revenue Service assessment of the tax was made without first obtaining relief from the automatic stay arising out of a Chapter 11 case. The assessment was held to be void, but the IRS filed a claim for the same liability in the taxpayer-debtor's subsequent Chapter 13 case. The Bankruptcy Court granted summary judgment to the IRS, concluding the liability for the FICA and withholding taxes collected and due under 26 U.S.C. § 6672(a), "exists independent of an assessment." *In re Goldston v. United States*, 1994 WL 525238 (Bankr. D. Kan. 1994) (unpublished). The district court agreed, holding the liability derives from "the statutory obligation to account for, collect, or pay the penalty or tax." Thus, a void penalty or tax assessment does not alter a taxpayer's liability for the tax or invalidate the IRS's claim. We agree with these conclusions and affirm.

Michael Goldston (Taxpayer), owner of Sunnylane Electric, Inc., collected from Sunnylane's employees more than $27,000 in FICA and federal income taxes. Sunnylane reported the withholdings in the Employer's Quarterly Federal Tax Returns for the periods ending September 30, 1988, December 31, 1988, and March 31, 1989, but Taxpayer failed to remit those collections to the IRS. Meanwhile, in October 1989, Taxpayer filed a voluntary petition for Chapter 11 relief.

Before obtaining relief from the automatic stay provided by 11 U.S.C. § 362(a)(4), the IRS assessed a penalty of $27,829.79 against Taxpayer under 26 U.S.C. § 6672. Following the subsequent dismissal of the Chapter 11 case, the IRS filed a notice of federal tax lien with the state register of deeds.

In December 1991, Taxpayer filed the Chapter 13 petition from which this appeal emanates. Relying upon the lien created by its state filing, the IRS filed a secured claim in that proceeding. Taxpayer challenged the claim on the ground the § 6672 assessment was void; therefore, the IRS was not entitled to a secured claim. Moving for summary judgment, the IRS admitted the invalidity of its lien but maintained Taxpayer was nevertheless personally liable for the sums he collected and did not remit.

On appeal, Taxpayer posits error on the district court's misframing the issue to focus on the impact of a void assessment instead of the effect of a violation of the automatic stay. The predicate for his argument is that a penalty or tax must first be assessed before a taxpayer is liable for the penalty or tax. To support this proposition, Taxpayer relies on *In re Schwartz*, 954 F.2d 569 (9th Cir. 1992), and distinguishes *Marvel v. United States*, 719 F.2d 1507 (10th Cir. 1983).

Moreover, Taxpayer steadfastly pursues the notion of the need for the IRS to suffer consequences for violating the automatic stay, punishing the sovereign for doing what no other entity can do, urging us to stem the flaunting of the automatic stay and safeguard this most fundamental of protections under Chapter 11. Taxpayer maintains *Schwartz*

supports this quest, and while *Marvel* is still good law, its extension was unwarranted given the differences in the facts.

Under the Internal Revenue Code, employers are required to withhold FICA and federal income taxes from employees' wages and remit the withheld sums, called "trust fund taxes," to "a special fund in trust for the United States." 26 U.S.C. § 7501. Worried that corporate employers might collect the taxes and fail to pay them over, Congress enacted 26 U.S.C. § 6672 to impose personal liability on individuals collecting the taxes by deeming the collector/withholder a "responsible person."[1] Consequently, "[a]lthough denominated a 'penalty,' the liability imposed by § 6672 is not penal in nature, since it brings to the government only the same amount to which it was entitled by way of the tax." *Olsen v. United States*, 952 F.2d 236, 238-39 (8th Cir. 1991). Thus, as correctly noted by the IRS, whether denominated a penalty or a tax, the funds are collected from the responsible person "in the same manner as taxes." 26 U.S.C. § 6671(a). "The liability for payment of taxes collected arises upon the collection of those taxes." *Long v. Bacon*, 239 F. Supp. 911, 912 (S.D. Iowa 1965).

The liability Taxpayer faces here derives from his statutory duty to pay taxes, not the IRS' assessment of the liability. Abundant precedent exists for the proposition in a

---

[1]A "responsible person" is one whose control over the financial affairs of a business requires him to collect, truthfully account for, or pay over taxes withheld from the wages of the business's employees. *Denbo v. United States*, 988 F.2d 1029, 1032 (10th Cir. 1993).

variety of tax contexts that liability for federal taxes does not hinge on whether the IRS has made a valid assessment. *See, e.g., **Marvel***, 719 F.2d at 1507 (assessment or notice of deficiency is not a prerequisite to the assertion of a tax liability here ); ***United States v. Latham***, 754 F.2d 747, 750 (7th Cir. 1985) (assessment of income taxes owed is not a legal necessity for income tax liability); ***Davis v. Columbia Constr. Co.*** (***In re Davis***), 936 F.2d 771, 774-75 (4th Cir. 1991) (assessment of withholding taxes due is not a prerequisite to liability).

Taxpayer here attempts to distinguish ***Marvel*** on its facts, contending the Marvels had already remitted some of the taxes due. That is, the assessment had already been made, Taxpayer states. In contrast, Taxpayer argues in his case, although liability stems from the statutory duties to collect and pay over the taxes, "it does not follow from that principle that *another's* (the corporate taxpayer's) obligation to pay those same amounts, from which Goldston's liability is derivative, and his obligation to pay a 100% penalty, which penalty was assessed in violation of the automatic stay, are on equal footing."[2] While Taxpayer asserts the proposition that liability for taxes does not depend on a valid assessment in the ***Marvel*** context, he urges the holding is inapposite here.

However, Taxpayer's liability arose when he paid wages and withheld federal income and social security taxes. That is, the *conduct,* the failure to pay over those taxes,

---

[2]This argument is specious because Taxpayer did not contest his status as a "responsible person."

is actionable.  ***Kuznitsky v. United States***, 17 F.3d 1029, 1032 (7th Cir. 1994).  Thus, as a responsible person, Taxpayer did not fulfill his statutory duties, wilfully failing to pay over Sunnylane's withheld taxes.  ***In re Schwartz***, upon which Taxpayer relies, is not to the contrary.  The *only* question that case addressed was whether an assessment made in violation of the automatic stay is void or voidable.  The court concluded it was void.  From the outset, here, the IRS has conceded its assessment was void but contended the invalid assessment does not affect Taxpayer's ultimate liability.

Instead, the IRS filed a "claim" in the Chapter 13 proceeding.  The broad definition of "claim" encompasses that "right to payment," and bankruptcy courts have asserted jurisdiction to decide the "amount or legality of a tax."  11 U.S.C. § 505(a)(1); ***In re Craddock***, 184 B.R. 974, 978-79 (D. Colo. 1995).  While the absence of an assessment prevents the IRS from administratively collecting the tax, it may still file a civil action, which is the functional equivalent to filing a proof of claim in a bankruptcy proceeding.

Although Taxpayer attempts to imbue a different status to the effect of violating an automatic stay, void is void, whatever the context.  The Taxpayer's ultimate quest is to affix to the violation of the automatic stay a punitive result that would forever bar the IRS from the collection of a valid tax.  Aside from the fact Taxpayer cites no persuasive authority to support this contention, application of such a result is counter intuitive.

The only effect of violation of the automatic stay, other than the possibility of contempt, is the unenforceability of any benefit the creditor obtained as a result of the

violation. Here, that penalty is to deprive the IRS of the secured creditor status it obtained by the lien it filed following the void assessment.[3] Contempt has never been an issue in this case; therefore, it is patent Taxpayer has obtained the maximum benefit to which he is entitled by the malefaction of the IRS. Moreover, it is unquestioned that the tax stands uncollected, collectability does not depend upon an assessment, and the Taxpayer is the responsible person for payment. Judgment **AFFIRMED**.

---

[3]We take no position whether this results in a priority claim under 11 U.S.C. § 507(a)(7)(C).